**BARNES v. UNITED STATES.**

No. 14179.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1954.

James H. Garcia, Albert M. Garcia, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., William A. Holohan, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a verdict of guilty on four counts charging appellant with bringing into the United States certain aliens who had not been duly admitted by an immigration inspector of the United States. The questions presented are (1) whether the evidence was sufficient to sustain a verdict of guilty and (2) whether the lower court erred in admitting testimony of conversations conducted in Spanish as against appellant who could not understand that language.

Although there was some conflict in the evidence, the jury resolved these conflicts against appellant and chose to follow appellee's view of the evidence. The aliens who were illegally brought into this country testified that they were approached in the town of Mexicali by one Raul. (Appellant testified that Raul was with him on this trip to Mexico.) Raul brought the witnesses to appellant and another man, where they negotiated and planned entry for these aliens, into the United States, for a price to be paid to the Americans. Raul acted as translator in all of the communications between the Mexicans and the Americans. Later Barnes and the other American drove the Mexicans to San Luis, Mexico, and obtained some money from the Mexicans. The Mexicans were driven across the international boundary at a place other than the legal place of entry. Appellant drove one of the cars as far as San Luis, and was with the group again on the United States side of the boundary, in Yuma, Arizona.

Notwithstanding some conflicts in evidence, and appellant's own testimony which is in direct conflict, there is ample evidence, aside from evidence of conversations, which supports the verdict of guilty.

The evidence of conversations carried on between Raul and the Mexicans, in Spanish, was not objected to at the trial on the ground here urged, i. e., that appellant cannot be bound by a conversation which he cannot understand. Since the trial court was not given an opportunity to correct any error which was present in this situation, we would not ordinarily consider the point here. Federal Rules of Criminal Procedure, Rules 51 and 52(a), 18 U.S.C.A. However, appellant urges that substantial injustice will result if he is not permitted to raise this point, for the first time, un-

der Federal Rules of Criminal Procedure, Rule 52(b).

Appellant brought the interpreter into Mexico and was satisfied to have Raul, his own companion, act as interpreter. He made no effort at the trial to show why he should not be bound by that interpreter. Moreover, the entire record (even excluding the testimony as to what was said) contains sufficient proof that appellant participated and was paid for his part in the illegal bringing of aliens into the United States. However, we have considered the error here urged and we cannot agree that the admission of the testimony introduced any substantial prejudice against appellant. Federal Rules of Criminal Procedure, Rule 52 (b); United States v. Kirby, 2 Cir., 1949, 176 F.2d 101; Himmelfarb v. United States, 9 Cir., 1949, 175 F.2d 924; Smith v. United States, 9 Cir., 1949, 173 F.2d 181; Samples v. United States, 5 Cir., 121 F.2d 263.

Judgment affirmed.