## SAMPLES v. UNITED STATES.
### No. 9872.

Circuit Court of Appeals, Fifth Circuit.
June 25, 1941.
Rehearing Denied Aug. 1, 1941.

---

264

Wm. C. Rayburn, of Guntersville, Ala., and A. E. Hawkins, of Fort Payne, Ala., for appellant.

Jim C. Smith, U. S. Atty., and Jack H. McGuire, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, E. C. Samples, was convicted of conspiring to violate Sec. 135 Criminal Code, 18 U.S.C.A. § 241.[1] The indictment is lengthy but may be somewhat briefly stated. With appropriate allegations as to intent and knowledge, the indictment in substance alleges that appellant conspired with one J. Gould Samples, Jr., and other persons, not indicted, to unlawfully and corruptly endeavor to influence, intimidate and impede one Kirby Bryant, a witness, who intended to testify in the United States District Court for the Northern District of Alabama, in a case then pending before said court, styled United States v. Kirby Bryant and J. G. Samples, Jr., in which the said defendants had been indicted for violation of the internal revenue laws of the United States by possessing and transporting non tax paid liquor; to unlawfully and corruptly endeavor to influence said Kirby Bryant to testify falsely, at the trial of the said case, that he was the owner of the non tax paid distilled liquor and the other defendant, J. G. Samples, Jr., had no interest in it and was innocent of the charge made in the indictment; to unlawfully and corruptly endeavor to impede, obstruct and endeavor to influence the due administration of justice in the said case by persuading and attempting to persuade Kirby Bryant not to appear at the trial of said case in which he was a defendant at the time it was set for trial.

---

[1] "Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or officer acting as such commissioner, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or officer acting as such commissioner, in the discharge of his duty, or who corruptly or by threats or force, or by any threatening letter or communication, shall influence. obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice therein, shall be fined not more than $1,000, or imprisoned not more than one year, or both."

Twelve overt acts were set out as having been done in furtherance of the conspiracy. There are forty assignments of error.

Appellant assigns error to the refusal of the court to give the general affirmative charge. There was no other objection to the charge of the court. The record shows the following facts. On December 11, 1936, J. G. Samples, Jr., and Kirby Bryant were in an automobile on the highway with some 45 gallons of non tax paid whiskey. The car was stopped by local officers, the liquor and car were seized and Kirby Bryant was arrested. J. G. Samples, Jr. escaped and was not arrested until later. An indictment was returned against J. G. Samples, Jr., and Kirby Bryant charging them with possessing and transporting the 45 gallons of non tax paid whiskey. That case was set for trial on April 7, 1937, but was continued because of the illness of J. G. Samples, Jr. It was set for trial on November 13, 1937, and when called, neither Samples nor Bryant was present. Their bail was forfeited and a capias for each defendant was issued. On January 31, 1938, new bonds were filed for each defendant. On March 16, 1939, the case was again set for trial. Bryant did not appear. His bond was forfeited and severance was granted as to J. G. Samples, Jr., who was tried and acquitted. On February 26, 1940, Kirby Bryant was tried and a mistrial was entered.

On the trial of this case H. B. Bryant, father of Kirby Bryant, testified that J. G. Samples, Jr., came to him shortly after December 11, 1936, and asked him to persuade his son, Kirby to take the responsibility for the 45 gallons of whiskey and he would pay Kirby Bryant $5 a day for every day he had to serve; that later E. C. Samples told him his son's case had been thrown out. Kirby Bryant testified that J. G. Samples, Jr., asked him to claim the whiskey and the car seized on December 11, 1936, and told him that the case would not come up for trial as it had been fixed so that it would be put over and offered to pay him so much per day if he would claim the whiskey; that J. G. Samples, Jr., told him he was just a kid and would not get over 90 days in jail if he claimed the whiskey. He further testified that when J. G. Samples, Jr., was being tried, he, Kirby Bryant, came up to the courtroom and appellant met him outside in the hall and told him that J. G. Samples, Jr., was being tried and that his, Bryant's case had been thrown out and if he went in there they might try to bring his case up. Perry Wharton testified that he heard J. G. Samples, Jr., and E. C. Samples discuss a plan for one of the defendants, Kirby Bryant or J. G. Samples, Jr., to be absent one time when their case was called for trial and the other to be absent another time and that if one was out of the way the other would not be tried; that he was in the hall when the case of J. G. Samples, Jr., was being tried; that he heard appellant ask Kirby Bryant what he came up to the courtroom for when his case was over with and that appellant and Kirby Bryant then left the courthouse together. James F. Character testified that in the spring of 1939 appellant stopped at his place and asked him to keep Kirby Bryant away from the court at Gadsden until the trial was over and offered him $25 to do so. He further testified appellant told him that if he would keep Bryant away from court J. G. Samples, Jr., would beat his case. There was other testimony tending to show a close connection between J. G. Samples, Jr., and E. C. Samples, appellant.

Appellant took the stand on his own behalf and denied that he had tried to influence Bryant to absent himself from the trial of the case or testify falsely. He also denied that he made any proposition to Character to pay him $25 to keep Bryant away from the trial until it was over. He denied that he had spoken to Kirby Bryant or had gone out of the courtroom with him but admitted that he was present during the trial of J. G. Samples, Jr., in the hall with the other witnesses.

It is argued on behalf of appellant that Character and Wharton were both serving terms in the penitentiary when brought to Gadsden to testify and were unworthy of belief; that appellant did not attempt to influence Kirby Bryant's testimony or to keep him away from court on the trial of the case against himself and J. G. Samples, Jr., by threats or force and that therefore, a verdict should have been directed in his favor for want of sufficient evidence to support the charge.

The ██ statute is one of the most important laws ever adopted. It is designed to protect witnesses in Federal courts and also to prevent a miscarriage of Justice by corrupt methods. It is not necessary to its enforcement that a witness is prevented from testifying by threats or

force. If a witness is corruptly persuaded to absent himself or to testify falsely the act is violated. It is immaterial whether he was subpoenaed, if he intended to testify. Walker v. United States, 8 Cir., 93 F.2d 792.

In many instances for a co-defendant to absent himself from the trial for the purpose of improperly securing its postponement would seriously obstruct the due administration of justice. Before the next fixing of the case material witnesses might disappear or die, perhaps suddenly. The statute is broad enough to cover any act, committed corruptly, in an endeavor to impede or obstruct the due administration of justice. United States v. Russell, 255 U.S. 138, 41 S.Ct. 260, 65 L.Ed. 553.

Kirby Bryant was evidently an unsatisfactory witness. He developed lapses of memory and made contradictory statements but was not shaken in his testimony that when he came to court on the day J. G. Samples, Jr., was being tried he was told by appellant that his case had been thrown out. It is indisputable that Kirby Bryant came to the courthouse while the trial of J. G. Samples, Jr., was in progress. He was under bond to appear for trial on that day but did not make his presence known to the court and left the courtroom without testifying. It is true that Kirby Bryant as a co-defendant with J. G. Samples, Jr. could not have been compelled to testify but he could have waived his privilege just as any other witness could have claimed his constitutional right to not testify. The indictment alleges that he intended to testify. We find nothing in the record to show that he did not have that intention. On the contrary, there is evidence tending to show J. G. Samples, Jr., and appellant believed he would testify and would tell the truth. That Wharton and Character were in the penitentiary might be considered by the jury as affecting their veracity but would not make them incompetent witnesses. We consider the indictment charged violation of the statute on both grounds alleged. On the facts presented the case was essentially one for the jury. We find substantial evidence in the record to support the verdict. It was not error to refuse to direct a verdict for appellant.

When this case was called for trial, before it began, appellant asked that a witness, Grover Baker, be called. He was not present and appellant asked that an attachment be issued for him and requested a continuance until the witness could be secured. Error is assigned to the refusal of the court to issue an attachment for the absent witness or to continue the trial.

It appeared that appellant had obtained a subpoena from the clerk and had served it personally but one had not been served by the marshal. The court denied the attachment but issued a subpoena returnable instanter for the witness and he was not found. Appellant requested leave to make a showing of what he expected to prove by the witness. He was told he might prepare it at the noon recess and the case proceeded. This statement was filed and was to the effect the absent witness would testify that Kirby Bryant had told him that he had testified falsely against E. C. Samples before the grand jury and that one Carl Shockley had induced him to make a statement to a federal agent, which statement was false; that Shockley told him that if he would make the statement he would see that he got out of the case in which he was indicted for transporting tax unpaid liquor. On the stand Kirby Bryant testified to the same effect, as to having been induced by Shockley, who was a local deputy sheriff, to make statements to the federal officer, and denied that the said statements were truthful. It was not shown what testimony he gave before the grand jury.

The subpoena not having been legally served appellant was not entitled to an attachment. Granting a continuance was within the sound discretion of the court. Abuse of discretion is not shown. It was not error to deny a continuance. Franklin v. South Carolina, 218 U.S. 161, 30 S.Ct. 640, 54 L.Ed. 980. Or to refuse the attachment.

Practically all the other assignments of error run to the admission or exclusion of evidence. We find no merit in these assignments and it is unnecessary to discuss them except to say that if some of them show technical error that did not prejudice the substantial rights of appellant. 28 U.S.C.A. § 391; Outlaw v. United States, 5 Cir., 81 F.2d 805.

Reversible error not appearing the judgment is affirmed.