Elmer **ETHRIDGE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15784.

United States Court of Appeals
Ninth Circuit.

June 18, 1958.

John H. McRae, Thomas P. Delaney, Spokane, Wash., for appellant.

William B. Bantz, U. S. Atty., Riner E. Deglow, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before BONE, POPE and CHAMBERS, Circuit Judges.

BONE, Circuit Judge.

Appellant was indicted and convicted before a jury for a violation of Section 1503 of Title 18 U.S.C.A. and thereafter sentenced to two years and six months confinement. This appeal is from the judgment of conviction.

The pertinent part of § 1503 reads:

"Whoever corruptly * * * endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined * * * or imprisoned * * *"

The indictment charged:

"That on or about the 13th day of July, 1956 at Sunnyside, * * * [appellant] did corruptly endeavor to impede the due administration of justice; that is to say * * * [appellant] did agree and promise to Harry C. Walters that for the sum of $1000.00, he [appellant] could and would see that Harry C. Walters could get probation and would not serve one day of his sentence for the conviction of income tax evasion as he, [appellant] could and would use the $1000.00 to make the necessary arrangements with the proper authorities to see that he, Harry C. Walters, could get probation and would not serve one day of his sentence for the conviction of income tax evasion, the said Harry C. Walters being convicted defendant under Indictment No. C–4514, Southern Division, Eastern District of Washington, and [appellant] did by these acts, conversations and means corruptly endeavor to impede the due administration of justice, * * *."

The substance of appellant's specifications of error is reflected in three major contentions in which he challenges the validity of his conviction. He therein contends: (1) that the indictment did not charge, nor did the evidence show, an offense against the United States; (2) the court erred in instructing the jury as to the intent necessary to find appellant guilty of the crime of endeavoring to impede the due administration of justice; (3) certain evidence pertaining to actions of appellant which were not directly related to the crime charged were improperly admitted in evidence.

The conclusion we reach in disposing of the first specification of error makes it unnecessary to discuss or dispose of the other two contentions. We are persuaded that appellant's first specification of error must be sustained and the judgment of conviction reversed, this for the reason that the facts adduced at trial fail to establish that appellant committed an offense against the United States which comes within the purview of Section 1503 of Title 18 U.S.C.A.

### The Facts

We have carefully read the trial record. If we (as we do) attach to the testimony of witnesses for the prosecution all of the probative weight and legitimate inferences arising therefrom, this testimony, in essence, serves to establish beyond any doubt, that during a conversation, or conversations with Walters occurring at Sunnyside, Washington on July 13, 1956, appellant said to Walters that if the latter would pay him the sum of $1,000.00 appellant "could and would see that Harry C. Walters could get probation and would not serve one day of his sentence for the conviction of income tax evasion"; [1]—that appellant "could and would use the $1,000.00 to make the necessary arrangements with the proper authorities" to see that Walters was aided in the manner suggested above.

The testimony also further established that appellant had an unsavory criminal record and had been a user of narcotics; that on the date mentioned, appellant (who was unknown to Walters) called upon and had the said conversation or conversations with Walters; that appellant never met, nor did he attempt to contact Walters after this conversation; that when appellant solicited the $1,000.00 payment from Walters, the latter "thought" that appellant was a "fake" and sent a man to check the license number on appellant's automobile; that he (Walters) did not believe that appellant "came from" certain (named) federal officials in Spokane, Washington who had handled the prosecution of Walters.

In Caldwell v. United States, 95 U.S. App.D.C. 35, 218 F.2d 370, the court makes clear that in order to be guilty of a violation of § 1503 the defendant must *intend* to do some act which would tend to corruptly impede or influence the administration of justice. The real substance of appellee's position, on this appeal, is that by merely employing the words of solicitation used in the conversation with Walters, appellant thereby (to quote the indictment) "did by these acts, conversations and means corruptly endeavor to impede the due administration of justice."

It is appellee's contention that the plain and natural consequence of appellant's solicitation (had Walters been "taken in" by appellant's solicitation of money) would have been the cessation of any further efforts *by Walters* to perfect an appeal from his conviction, and that by this stoppage, the administration of justice would have been "impeded." Thus appellant's bare solicitation (according to appellee) could have been an impeding of the due administration of justice and was therefore an *endeavor* to so impede the administration of justice. This conclusion on the part of appellee rests upon the assumption that had Walters actually given appellant the money he was soliciting, then and in that event Walters would have abandoned any effort to perfect an

---

1. Walters had previously been convicted in the United States District Court at Yakima, Washington on a charge of income tax evasion.

appeal. But there is no evidence that Walters was at all interested in appellant's suggestion. To the contrary, and as we have indicated, the evidence shows that Walters thought that appellant was a "fake." This conclusion on the part of Walters was the only "plain and natural consequence" arising from the bald "endeavor" of appellant to "shakedown" Walters. To reach any other conclusion would require an assumption of facts not in evidence.

Our conclusion is that the only "endeavor" in this case was the unilateral and futile effort of appellant to extract some "easy money" from Walters. All that the evidence shows is that appellant "suggested" to Walters that if the latter paid appellant the amount of money he solicited he (appellant) would undertake to do the things mentioned in the indictment. Aside from this there is a total absence in the government's proof or in the averments in the indictment that appellant ever did, or ever intended (even if the solicited money was paid to him) to write to, personally contact, or try to contact, *any person* (official or otherwise) who at any time had any connection whatever with the prosecution of Walters.[2]

Appellant's conduct, as portrayed in the indictment and clearly revealed in the evidence, did not constitute a violation of Section 1503, supra. The judgment appealed from must be, and is

Reversed.

CHAMBERS, Circuit Judge (concurring).

I concur in the result. In the vernacular, the trouble with the indictment and the proof is that the plot just didn't get "off the ground." I believe the district attorney (with great resourcefulness) has to search too hard when he suggests that Ethridge's conduct might have resulted in Walters giving up his right of appeal. I believe it is a mistake in the usual case under Section 1503 to regard the intent of him who receives the proposal to influence the course of justice as too important. For example, if Ethridge had offered money to a juror, the juror having no intention to accept, there would of course be an endeavor to influence. Here we had what was really an incipient and stupid confidence game which literally and figuratively didn't get near, or get started toward the courthouse.

2. The following cases deal in general with corrupt "endeavors" to impede the due administration of justice in our federal system.

This Court in Catrino v. United States, 176 F.2d 884, 886, held, in legal effect, that in order for an "endeavor" to come within the ambit of a statute similar to the one here involved, the defendant's act must have been directed at, and/or brought to bear upon, some person who had legal authority to do, or not to do, some act which would or could affect the final outcome of the trial. Catrino had endeavored to procure a witness in a criminal case to give false testimony.

While use of the term "endeavor" appearing in the statute here involved does not require application of the technical formalities under the common law, see United States v. Russell, 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553, it is also true that the criminal statute before us must be strictly construed in favor of the defendant. See United States v. Scoratow, D.C., 137 F.Supp. 620, 621.

In the Russell case, the wife of a prospective juror was "approached" to determine whether her husband would be amenable to bribery. In Hicks v. United States, 4 Cir., 173 F.2d 570, there was an "approach" to a juror through a third party. In Roberts v. United States, 9 Cir., 239 F.2d 467, an attempt was made to induce a person to give false testimony in a civil case. In Samples v. United States, 5 Cir., 121 F.2d 263, an "endeavor" was made to persuade a co-defendant to take the blame and not to testify. In Bosselman v. United States, 2 Cir., 239 F. 82, employees were directed to change entries in documents material to a matter under inquiry by a grand jury. In United States v. Solow, D.C., 138 F.Supp. 812, Solow destroyed certain letters to prevent their production before a pending grand jury investigation. In United States v. Polakoff, 2 Cir., 121 F.2d 333, there was an attempted persuasion of a United States attorney to recommend a light sentence.

It is clear here that the jury believed Walters and disbelieved Ethridge's denials that the proposition was made. Of course, perjury trials are difficult when it is one man's word vis-a-vis another's and there may not be enough corroboration under Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495, to proceed against Ethridge. At least the district attorney should consider the possibility.