Germaine M. HAILI, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15793.

United States Court of Appeals
Ninth Circuit.

Oct. 14, 1958.

Yasutaka Fukushima, Honolulu, Hawaii, for appellant.

Louis B. Blissard, U. S. Atty., E. D. Crumpacker, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before MATHEWS, POPE and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

The appellant was convicted under a count of an indictment which charged that he corruptly obstructed and impeded the due administration of justice with respect to the terms and conditions of the probation of one Harriet Elizabeth Bruce, a defendant in a certain criminal cause in the United States District Court for the District of Hawaii, all in violation of § 1503, Title 18, U.S.C.A.[1]

The evidence in the case disclosed that Mrs. Bruce had been convicted of acquiring and obtaining marijuana cigarettes without payment of the transfer tax re-

1. "§ 1503. Influencing or injuring officer, juror or witness generally—Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or cor-

quired by law. The sentence imposed was suspended and she was placed on probation for a period of three years. One of the special conditions of probation was that she was to associate only with persons approved by the probation officer. The probation officer explicitly directed her to keep away from and have nothing to do with the appellant who himself had been convicted and served a sentence for a narcotics offense.

Appellant knew of the terms of the probation and knew that Mrs. Bruce had been prohibited from having anything to do with him but nevertheless the appellant did see and associate with her during the period when she was prohibited from having anything to do with him. He visited her at her home, accompanied her to places of entertainment, took her to and from the airport when she traveled, and generally kept regular company with her. In consequence of this, when the probation officer learned of it he moved to revoke Mrs. Bruce's probation and accordingly the suspension of sentence was set aside and she was committed for imprisonment for a period of two years.

The court instructed the jury that, "The due administration of justice, as used in the criminal statute, and in Count II, includes the supervision of the terms and conditions of the probation of the Court's probationers by the Court through its probation officer." It was upon this theory that the case was allowed to go to the jury and all motions for acquittal were rejected and the verdict of guilty against the appellant allowed to stand.

Among the contentions made here is one that the conduct of the appellant was not embraced within the prohibitions of § 1503 under which the appellant was indicted.

■ This is a criminal statute and must be strictly construed. A reference to the text of the section which appears in footnote 1, supra, shows that it lists a number of specific acts which are prohibited. These include endeavors to influence, intimidate or impede witnesses, "in any court of the United States or before any United States commissioner"; endeavors to influence, intimidate or impede grand or petit jurors or officers "in or of any court of the United States"; injuring any party or witness "on account of his attending or having attended such court or examination * * * or on account of his testifying or having testified to any matter pending therein"; or injuring any "officer, commissioner, or other committing magistrate * * * on account of the performance of his official duties." It then concludes with the general provisions: " * * * or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined * * *."

Speaking generally, it might be said that many matters other than proceedings pending in court have to do with the administration of justice. Thus, the gathering of evidence and procuring of statements of witnesses by the Federal Bureau of Investigation is in a general way a functioning of the federal government with respect to the administration of justice. Yet it has been held that one who threatens to kill another if he gives any information to the Federal Bureau of Investigation cannot be found guilty under § 1503, Title 18. United States v. Scoratow, D.C.W.D.Pa., 137 F.Supp. 620, 621. There the court noted that the phrase "due administration of justice" in § 1503 was "qualified and limited by the enumeration of specific judicial functions concerned with the 'administration' of justice in the preceding portion of the section." Also, in a general way, it can be said that the supervision of a convicted prisoner in a penitentiary is a part of the administration of justice if that term is given a very wide meaning.

ruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede,

the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

We would be surprised, however, if it were held that conduct designed to encourage a prisoner to escape from a penitentiary could be punished under § 1503.

The particularly defined instances of violation of that section all relate to conduct designed to interfere with the process of arriving at an appropriate judgment in a pending case and which would disturb the ordinary and proper functions of the court. In Catrino v. United States, 9 Cir., 176 F.2d 884, 887, this court quoted with approval the statement that the statute "is designed to protect witnesses in Federal courts and also to prevent a miscarriage of Justice by corrupt methods."

■■ Interfering with witnesses, jurors and parties operates to bring about a miscarriage of justice in specific cases. Under the rule of ejusdem generis, the general words which follow the specific words in the enumeration of prohibited acts in the section here involved must be construed to embrace only acts similar in nature to those acts enumerated by the preceding specific words. See Sutherland, Statutory Construction, 3d ed., §§ 4908–4909. We are of the opinion that neither the language of § 1503 nor the history of its interpretation by the courts support the conviction of this appellant.

The judgment is reversed.