**UNITED STATES of America**

v.

**Samuel I. COHEN.**

**Crim. A. No. 10277.**

United States District Court
D. Connecticut.

March 1, 1962.

Robert C. Zampano, U. S. Atty., New Haven, Conn., for plaintiff.

John L. Calvocoressi, Pelgrift, Dodd & Stoughton, Hartford, Conn., for defendant.

CLARIE, District Judge.

The defendant has moved to dismiss an indictment, in accordance with Rule 12(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., on the

ground that it fails to state facts sufficient to constitute an offense against the United States. The indictment charges that the defendant did "endeavor to corruptly obstruct and impede the due administration of justice by presenting to the Federal Grand Jury * * * false statements and causing to be presented * * * a falsely signed lease contract", in violation of Title 18 U.S.C.A. § 1503.

At the time of the alleged violation, the grand jury was investigating the ownership and operation of an alleged illicit still which had been seized in Jewett City, Connecticut, by agents of the Federal Government. Defendant Cohen was being interrogated by the grand jury concerning his knowledge of the enterprise. He was the admitted owner of one-third of the outstanding capital stock and an executive officer of The Griswold Corporation, which owned the fee title in the land and building where the still was discovered.

In furtherance of this motion, the defendant claims that if he, as principal, gave false statements or committed false testimonial acts before the grand jury, as alleged in the indictment, such acts might constitute perjury, but perjury is not an obstruction of justice within the meaning of § 1503. Furthermore, to charge him with a violation of § 1503, rather than § 1621 of title 18 (the perjury statute), deprives him of the safeguards of the general rule in prosecutions for perjury, which bars a conviction on the uncorroborated testimony of a single witness. Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945); Hammer v. United States, 271 U.S. 620, 626 (1926). The defendant claims further that the general clause of the statute under which he was indicted embraces only acts of a similar type or class to those specifically enumerated in the forepart of the statute, and as authority therefor cites Haili v. United States, 260 F.2d 744 (9 Cir. 1958).

The indictment alleges that the defendant made false statements to the grand jury and that he caused to be presented to it, "a falsely signed lease contract." The merits of the allegations, as such, are not in issue. The question is whether or not either allegation constitutes an offense against the United States within the purview of § 1503. If either does, the indictment must stand.

This section of the law sets forth acts of prohibited conduct which are intended to corrupt or interfere with the due administration of justice.

■ "The word 'corruptly' is capable of different meanings in different connections," Bosselman v. United States, 239 F. 82, 86 (2d Cir. 1917), and as used in Section 135 of the Criminal Code, (now § 1503), any endeavor to influence a witness or to impede and obstruct justice falls within the connotation of the word. United States v. Polakoff, 121 F. 2d 333, 335 (2d Cir. 1941), cert. denied Polakoff v. United States, 314 U.S. 626, 62 S.Ct. 107, 86 L.Ed. 503 (1941).

■ The term "administration of justice" means the performance of acts or duties required by law in the discharge of a duty. Rosner v. United States, 10 F.2d 675 (2d Cir. 1926).

The latter part of § 1503 is an all-inclusive provision and provides in part: "Whoever corruptly * * * obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined * * * or imprisoned * * *". Ethridge v. United States, 258 F.2d 234 (9 Cir. 1958).

■ "This latter provision, under which the defendant has been indicted, is all-embracing and designed to meet any corrupt conduct in an endeavor to obstruct or interfere with the due administration of justice." United States v. Solow, 138 F.Supp. 812, 814 (S.D.N.Y. 1956).

"* * *, a reading of the section in its entirety makes clear that the purpose of the statute is to render illegal interference with the judicial functions of the United States, and that the final clause was added in order to cover those means of interference the draftsmen were not pre-

scient enough to enumerate. Thus, while § 1503 might not apply to the correctional or investigatory arms of the government, see Haili v. United States, supra [260 F.2d 744 (9 Cir. 1958)]; * * *, certainly obstruction of grand jury functions is within the purview of the statute. United States v. Siegel, D.C.S.D. N.Y.1957, 152 F.Supp. 370; * * " United States v. Bonanno, 177 F. Supp. 106, 114 (S.D.N.Y.1956), rev. on other grounds United States v. Bufalino, 285 F.2d 408 (2d Cir. 1960).

"The statute is broad enough to cover any act, committed corruptly, in an endeavor to impede or obstruct the due administration of justice." Samples v. United States, 121 F.2d 263, 266 (5 Cir. 1941).

That part of the indictment which refers to the defendant's causing the presentment before the grand jury of a falsely signed lease contract does not indicate what other person or persons were involved, if any, by virtue of such alleged false document; whether the lease concealed the true parties to the rental of the "still site" at the mill premises or recited terms intended to conceal the defendant's own participation is not disclosed by the indictment; nor does it recite how he caused such a document to be presented to the grand jury.

The destruction of papers or notes of a defendant's meeting with a man whose testimony was under investigation by a grand jury has been considered to be within the scope of the statute, (§ 1503) charging a conspiracy to obstruct and impede the administration of justice * * * and for perjury before a grand jury. United States v. Siegel, supra.

Certainly it is as much an "obstruction of justice" to cause to be presented to a grand jury a false document, as it is to destroy a document which is the subject of a grand jury investigation. The profering of misleading documents intended to deceive the grand jury to-

ward a false finding is no less corrupt than the fraudulent concealment of facts by the wilful destruction of documents.

■ "* * * obstruction of justice may well take the form of 'concealing' from an authorized tribunal information germane to its functions." See United States v. Bonanno, supra at 112 of 177 F.Supp.

■ Although the obstruction of justice statute, § 1503, and the perjury statute, § 1621, overlap to some extent, such is not a valid reason to bar a prosecution under either, when the facts so justify. The court has said on several occasions that the crime of perjury alone will not permit summary contempt proceedings by the court; "there 'must be added to the essential elements of perjury under the general law the further element of obstructions to the court in the performance of its duty' " in order to warrant a contempt conviction. In Re Michael, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30 (1945). This is an entirely different principle and not applicable to the case at bar. Here the safeguards of a jury trial are guaranteed under both statutes.

A prosecution for conspiring to commit perjury and to obstruct justice by giving false and evasive testimony concerning a gathering, which the defendants attended, was considered in the case of United States v. Bufalino, 285 F.2d 408 (2d Cir. 1960). While the appellate court reversed the trial court because satisfactory evidence of a conspiracy was lacking, the court made no comment on the allegation of the indictment which alleged obstruction of justice by giving false and evasive testimony.

■ The statute, § 1503, "* * * is designed to protect witnesses in Federal Courts and also to prevent a miscarriage of Justice by corrupt methods." Catrino v. United States, 176 F.2d 884, 887 (9 Cir. 1949); Samples v. United States, 121 F.2d 263, 265 (5th Cir. 1941).

The motion to dismiss the indictment is denied.