**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Patricia Ann ESSEX, also known as Patricia Ann Clark, Defendant-Appellant.**

**No. 18457.**

United States Court of Appeals
Sixth Circuit.

Feb. 24, 1969.

---

John S. McLellan, Kingsport, Tenn., and Moses Krislov, Cleveland, Ohio, D. Bruce Shine, Kingsport, Tenn., Moses Krislov, Cleveland, Ohio, on brief, for appellant.

Thomas A. Williams, Asst. U. S. Atty., Chattanooga, Tenn., John H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief, for appellee.

Before CELEBREZZE, McCREE and COMBS, Circuit Judges.

CELEBREZZE, Circuit Judge.

Patricia Ann Essex, Appellant, appeals her conviction for juvenile delinquency rendered in the United States District Court for the Eastern District of Tennessee pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq. The finding of juvenile delinquency was based on an information charging that Appellant violated the Federal Obstruction of Justice Statute, 18 U.S.C. § 1503. The charge stems from the aftermath of the trial and conviction of James R. Hoffa where, in Hoffa's third motion for new trial, Appellant, one Catherine Johnson, and two others, filed affidavits in the United States District Court for the Eastern District of Tennessee alleging that they had had sexual intercourse with several petit jurors while the jury was sequestered for deliberations. The District Court, however, found the allegations of misconduct to be untruthful and rejected Hoffa's motion. United States v. Hoffa, 247 F.Supp. 692 (E.D.Tenn.1965); affirmed, 382 F.2d 856 (6th Cir. 1967), cert. denied, 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984. Johnson was subsequently indicted and convicted of perjury under 18 U.S.C. § 1621 for giving false testimony about her alleged relations with the Hoffa jurors before a grand jury convened to investigate alleged misconduct during the Hoffa trial. Her conviction is now on appeal to this Court, United States v.

Johnson, Case No. 18,377. So far as the record discloses, Appellant did not appear before this grand jury.

Appellant, a minor was indicted under the Federal Obstruction of Justice Statute, 18 U.S.C. § 1503. When it appeared that Appellant was a juvenile and consented to trial as such the indictment was withdrawn and proceedings were then instituted against Appellant by information pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq. The information charged that:

"[Appellant did] corruptly endeavor to influence, obstruct and impede the due administration of justice in the United States District Court [for the Eastern District of Tennessee] in that she wilfully caused to be filed an affidavit subscribed by her in support of [Hoffa's] motion for a new trial * * which [was] false and known by her to be false when made. * * * "

After an *in camera* hearing Appellant was found to have violated the statute and sentenced. Her contention on appeal, raised below by motion to dismiss, is that the information does not state an offense under 18 U.S.C. § 1503.

■ Section 1503 of Title 18, "influencing or injuring officer, juror or witness generally"[1], originated with the Act of March 2, 1831, 4 Stat. 487. The 1831 Act was intended to be "declaratory of the law concerning contempts of court."[2] The power of the United States courts to punish for contempt "in any cause or hearing before the same" had been recognized earlier by the Judiciary Act of 1789, 1 Stat. 83. In Section 1 of the Act of March 2, 1831, Congress restricted contempt jurisdiction and its summary proceedings to misbehavior occurring only in the presence of courts "or so near thereto, as to obstruct the administration of justice," see Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941). With Section 2 of the 1831 Act,[3] the predecessor of the statute before us, Congress provided that contempts occurring beyond the presence of courts should be punishable by indictment and trial, and with all the safeguards thereof.[4]

1. Section 1503 provides: * * * "Whoever corruptly, or by threats or force, or by any threatening letter of communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter of communication, influences, obstructs, or impedes or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. Congress had directed its House Committee on the Judiciary "to inquire into the expediency of defining by statute all offenses which may be punished as contempts of the courts of the United States, and also to limit the punishment for the same." 7 Cong.Deb. 21st Cong., 2d Sess. Feb. 1, 1831, Cols. 560–561.

3. Section 2 of the 1831 Act provided: "That if any person * * * shall corruptly, or by threats or force, endeavour to influence, intimidate, or impede any juror, witness or officer, in any court of the United States, in the discharge of his duty, or shall, corruptly or by threats of force, obstruct, or impede, or endeavour to obstruct or impede, the due administration of justice therein, every person * * * so offending, shall be liable to prosecution therefor, by indictment * * *."

4. See Note, 28 Colum.Law Rev. 401 (1928). The author expresses the view that the

The end result was this: Section 1 provided that if conduct amounting to contempt of court occurred in the presence of the court, the contemnor could still be punished summarily. And Section 2 provided that if contemptuous conduct, "influencing or injuring officer[s], juror[s], or witness[es]" in particular, occurred away from the court the offender was to be dealt with by indictment. Savin, Petitioner, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150 (1889). The principal distinction then, between Section 1 and Section 2 of the Act of March 2, 1831, aside from the added procedural safeguards under the latter, was geographical; they both proscribed contemptuous conduct, i. e., obstruction of court proceedings, United States v. Seeley, 27 Fed. Cas. p. 1010, No. 16,248a (C.C.N.Y. 1844).[5] Sections 1 and 2 of the Act of March 2, 1831 are now part of our present statutory scheme as 18 U.S.C. § 401, which condemns obstructive acts in the court's presence, and 18 U.S.C. § 1503, which prohibits contemptuous conduct away from court,[6] respectively.

█ The question before us narrows down to did Appellant's act of filing a false affidavit in the United States District Court for the Eastern District of Tennessee in support of Hoffa's third motion for new trial constitute a contemptuous act within the meaning of 18 U.S.C. § 1503? We think not.

█ It is now well beyond dispute that false testimony alone will not amount to contempt of court. In re Michael, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30 (1945); Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941); Ex parte Hudgings, 249 U.S. 378, 39 S.Ct. 337, 63 L.Ed. 656 (1919). As Justice Black said in In re Michael, supra:

"All perjured relevant testimony is at war with justice, since it may produce a judgment not resting on truth. Therefore, it cannot be denied that it tends to defeat the sole ultimate objective of a trial. It need not necessarily, however, obstruct or halt the judicial process. For the function of a trial is to sift the truth from a mass of contradictory evidence, and to do so the fact-finding tribunal must hear both truthful and false witnesses."

In In re Michael, petitioner was tried by a District Court for contempt before a grand jury. No witness testified that the petitioner was guilty of misconduct in the grand jury room of any kind other than false swearing. The transcript of his grand jury testimony was offered in evidence. The District Court, after hearing prosecution witnesses, disbelieved petitioner and found that his grand jury testimony had been false. The Supreme Court conceded that petitioner would have been guilty of perjury. The question before the Court, however, was whether it was proper for the District Court to try petitioner for contempt on the basis of his false testimony alone. Citing Ex parte Hudgings, 249 U.S. 378, 39 S.Ct. 337, 63 L.Ed. 656 (1919), the Court held that before a court may punish for contempt "there 'must be added to the essential elements of perjury * * the further element of obstruction to the

---

intent behind Section 2 of the 1831 Act was to transfer certain denominated contempts to the category of indictable misdemeanors. Id. at 531. These were "constructive contempts" because the acts listed in Section 2, though causally related to the disruption of court proceedings, did not directly interfere with them. United States v. Seeley, 27 Fed. Cas. p. 1010, No. 16,248a, C.C.N.Y. 1844.

5. In Savin, Petitioner, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150 (1889), the Court recognized that an act of misbehavior,

though covered in Section 2 of the Act of March 2, 1831, would be contempt if committed in the presence of the Court.

6. Section 1 of the 1831 Act was reenacted as Rev.Stat. 725, and then became 18 U.S.C. § 401, "Power of Court". Section 2 of this Act, reenacted as Rev. Stat. 5399, became 18 U.S.C. § 1503. The Supreme Court recently limited the power of courts to deal with contemnors by summary proceedings under § 401. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed. 522 (1968).

Court in the performance of its duty.' " And, " 'the presence of that element [obstruction] must be clearly shown in every case where the power to punish for contempt is exerted.' "

 The Court was speaking in terms of the power to punish for contempt under what is now 18 U.S.C. § 401. But the above cited cases stand firmly for the rule that perjury alone lacks the element of obstruction which is the essence of contempt. Since the statute before us, 18 U.S.C. § 1503, is also a contempt statute the obstructive element, that is, impeding the court in the conduct of its business or endeavoring to do so beyond the mere rendering of false testimony, must, we believe, be alleged and proved before conviction can be had under it. See Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1931); In re Gottman, 118 F.2d 425 (2d Cir. 1941). Appellant, as in In re Michael, was charged with rendering false testimony and nothing more; although she may have perjured herself—and we do not decide this—she did not endeavor to influence or interfere with "officer[s], juror[s] or witness[es]" within the meaning of 18 U.S.C. § 1503, nor was she so charged.

The Government's reliance on United States v. Cohen, 202 F.Supp. 589 (D. Conn.1962), one of a line of cases in which individuals were convicted under 18 U.S.C. § 1503 of corruptly endeavoring to influence grand jurors is misplaced. Although the opinion in *Cohen* is not too clear on this point, defendant's conviction therein seemed to turn on the second count of a two-count indictment— his act of falsifying a lease contract presented to the grand jury, and not on his false statements before that body, the subject of Count One of the indictment.[7] To the same effect are United States v. Siegel, 152 F.Supp. 370 (S.D.N.Y.1957), affirmed 263 F.2d 530 (2d Cir. 1959), cert. denied, 359 U.S. 1012, relied on by the District Court in *Cohen*, and United States v. Solow, 138 F.Supp. 812 (S.D. N.Y.1956). In *Seigel* and *Solow*, the indictments specifically charged that the grand juries therein were obstructed by the destruction of subpoenaed documents and not by the rendering of false testimony.

 We would have little difficulty finding a violation of 18 U.S.C. § 1503 had the allegations of Appellant's affidavit been true. The Government wishes to prosecute her under 18 U.S.C. § 1503 even though the District Court in originally rejecting Hoffa's motion for new trial, the grand jury, and the same District Court again in the present case found that Appellant was untruthful in stating that she had contact with the Hoffa jurors. We refuse to broaden the obstruction of justice statute beyond the scope that Congress gave to it. As a criminal statute 18 U.S.C. § 1503 requires strict construction. The general clause at its end, moreover, must be read to embrace only acts similar to those mentioned in the preceding specific language. Haili v. United States, 260 F.2d 744 (9th Cir. 1958). Neither the language of Section 1503 nor its purpose make the rendering of false testimony alone an obstruction of justice. If appellant committed any offense at all, it was the perjury charged in the information against her.

In view of our disposition of this matter, we deem it unnecessary to reach other questions raised by Appellant.

Reversed.

7. The Court said: "The question is whether or not either allegation [falls] within the purview of § 1503. *If either does*, the indictment must stand." United States v. Cohen, 202 F.Supp. 587, 588 (D.Conn.1962). (Emphasis added). The Court then went on to hold: "certainly it is as much an 'obstruction of justice' to cause to be presented to a grand jury a false document which is the subject of a grand jury investigation. The proferring of misleading documents intended to deceive the grand jury toward a false finding is no less corrupt then the fraudulent concealment of facts by the wilful destruction of documents." United States v. Cohen, supra at 589.