**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arnold FAUDMAN, Defendant-Appellant.**

**No. 78–5209.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1980.

Decided Feb. 4, 1981.

---

Neil H. Fink, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Martin Reisig, Alan Gershel, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges, and SPIEGEL,* District Judge.

LIVELY, Circuit Judge.

This appeal requires us to decide whether 18 U.S.C. § 1503 (1976),[1] an obstruction of justice statute, may be the basis for prosecuting a person who alters or destroys corporate records with knowledge that the records are being sought by a grand jury investigating the company's activities.

The defendant admitted altering and defacing records of the Borman Company at a time when a federal grand jury was investigating possible Medicare and Medicaid fraud. He knew that the Borman Company's directors had adopted a resolution to cooperate fully with the grand jury and that the records he altered had been requested by the FBI. Some of the records were sought by a grand jury subpoena duces tecum served on the company prior to the time the defendant delivered them in their altered condition to another company official. At trial the defendant presented a two-fold defense. He contended, in the first place, that his acts were not covered by § 1503. His second defense was lack of intent; that he did not intend to obstruct justice, but intended only to protect his brother and the company he had spent his life building. He presented psychiatric testimony to show that he suffered from anxiety neurosis at the time he altered the company records and that this condition deprived him of the capacity to form the intent required for culpability. The jury rejected this defense by its guilty verdict, and the only significant issue on appeal is whether § 1503 reaches the defendant's conduct.

The defendant argues that § 1503 is concerned only with obstruction of justice by threats or force—acts of intimidation—directed at officers, jurors or witnesses. He contends that the proscriptions of § 1503 are limited to threats or actual violence

---

* The Honorable S. Arthur Spiegel, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. § 1503.   Influencing or injuring officer, juror or witness generally.

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States magistrate or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, magistrate, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years or both.

against persons involved in the administration of justice, and that other statutes cover the obstruction of justice by methods not enumerated in § 1503.[2] The government adopts the position of the district court, that the language of § 1503 is sufficiently broad to cover the defendant's acts. The "omnibus" language of § 1503, relied upon by the government, extends culpability under the statute to anyone who "corruptly . . . obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice . . . ." The defendant asserts that any conduct sought to be brought within this language must be similar to one or more of the acts enumerated in earlier portions of the statute; that is, it must involve intimidation of some person by threats or actual use of force.

The defendant places heavy reliance on this court's decision in *United States v. Essex*, 407 F.2d 214 (6th Cir. 1969), particularly the following language:

> As a criminal statute 18 U.S.C. § 1503 requires strict construction. The general clause at its end, moreover, must be read to embrace only acts similar to those mentioned in the preceding specific language. *Haili v. United States*, 260 F.2d 744 (9th Cir. 1958). Neither the language of Section 1503 nor its purpose make the rendering of false testimony alone an obstruction of justice. If appellant committed any offense at all, it was the perjury charged in the information against her.

*Id.* at 218. In *Essex* the only act charged against the defendant was perjury before a grand jury. The holding of the court was that perjury before a grand jury is not sufficient, standing alone, to support a conviction under § 1503. The defendant argues that altering records is more akin to testifying falsely than to any of the acts enumerated in § 1503, and thus *Essex* should control this case.

Reliance is also placed upon decisions of the Ninth Circuit in which application of the ejusdem generis rule of construction to

§ 1503 prosecutions resulted in holdings that particular acts were not covered by the statute. *See Haili v. United States*, 260 F.2d 744 (9th Cir. 1958); *United States v. Metcalf*, 435 F.2d 754 (9th Cir. 1970); *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1972). In *Haili* the court described the "particularly defined instances" in § 1503 as all relating to "conduct designed to interfere with the process of arriving at an appropriate judgment in a pending case and which would disturb the ordinary and proper functions of the court." 260 F.2d at 746. The only acts charged in *Haili* were interfering with the conditions of probation imposed upon a person convicted of a drug offense. It seems clear that the charged acts were of an entirely different kind from those enumerated in § 1503. Proper application of ejusdem generis led to the conclusion that the defendant's actions were not covered by the statute.

In *Metcalf, supra*, the court narrowed its earlier construction in *Haili*. Adopting a more restrictive view of the statute, it held that ordinarily § 1503 is violated only when administration of justice is impeded or obstructed by "intimidating actions." 435 F.2d at 757. This language in *Metcalf* is the strongest support we have found for the defendant's position in the present case. While *Ryan, supra*, required a strict construction of § 1503 and applied ejusdem generis, so many errors were discussed by the court of appeals that it is impossible to be certain of the basis for reversal. Although destruction of documents was involved, the facts in *Ryan* bore little resemblance to those of the present case. The holding appears to be that the Internal Revenue Service may not use grand jury subpoenas to obtain records which it is unable to secure by administrative subpoenas; particularly where it appears the grand jury is not even aware of the issuance of the subpoenas, and the records have no relevance to the grand jury proceedings.

---

**2.** *E. g.*, 18 U.S.C. § 1504 (influencing juror by writing); § 1506 (theft or alteration of record or process); § 1510 (obstruction of criminal investigations by, inter alia, bribery of or misrepresentations to a criminal investigator).

We believe prosecution of the defendant in the present case was properly founded on 18 U.S.C. § 1503. Neither the language of the statute nor our decisions require us to hold otherwise. It seems clear that the defendant endeavored "corruptly" to impede grand jury proceedings. The enumerated methods of obstructing justice are listed in the statute in the disjunctive. We disagree with the holding of *Metcalf* that someone must be intimidated for a violation of § 1503 to occur. We also conclude that *Essex* is distinguishable. There the only basis of the charge was the defendant's alleged perjury. She was not charged with interfering with the work of the grand jury in relation to the testimony of any other witness. In the present case, however, it was the testimony of the Borman Company, by way of its corporate records, which was sought by the grand jury. The defendant did impede the administration of justice by altering those records so that the "testimony" of the company would not implicate his brother. The acts of the defendant in the present case were aimed at distorting the evidence to be presented by the company and were intended to impede the administration of justice. These acts violated § 1503.

The court in *Essex*, while finding perjury alone insufficient for a § 1503 prosecution, recognized the propriety of a prosecution for falsifying or destroying records subpoenaed by a grand jury in its discussion of *United States v. Cohen*, 202 F.Supp. 587 (D.Conn.1962); *United States v. Siegel*, 152 F.Supp. 370 (S.D.N.Y.1957), aff'd., 263 F.2d 530 (2d Cir. 1959), cert. denied, 359 U.S. 552, 79 S.Ct. 1147, 3 L.Ed.2d 1035 (1960); and *United States v. Solow*, 138 F.Supp. 812 (S.D.N.Y.1956). The *Essex* court pointed out that in each of the cited cases the defendant was charged with something more than perjury—thus distinguishing them from *Essex*. 407 F.2d at 218. *Essex* is not to be read as limiting prosecutions under § 1503 to those instances where threats or force are used against a witness, officer or juror.

**3.** Quoted from *National Bank of Commerce v. Estate of Ripley*, 161 Mo. 126, 131, 61 S.W. 587, 588 (1901).

The rule of ejusdem generis is described in 2A *Sutherland Statutory Construction* (4th Edition) § 47.17 as follows:

> The rule "accomplishes the purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words." [3]

The defendant in the present case was charged with "impeding the court in the conduct of its business or endeavoring to do so beyond the mere rendering of false testimony . . . ." *Essex, supra*, 407 F.2d at 218. Moreover, the defendant's conduct was embraced within a class of acts described in the particularized list of § 1503. He corruptly endeavored to impede a witness, the Borman Company, before a grand jury. Unless something more than the precise acts listed in the earlier language was intended for inclusion, the "omnibus" language of § 1503 would be surplusage.

Our view of the reach of § 1503 comports with that of the Third Circuit as expressed in *United States v. Walasek*, 527 F.2d 676 (1975). The facts in *Walasek* were similar to those of the present case. A corporate officer was charged with violating § 1503 by destroying records after being advised that a grand jury subpoena duces tecum for production of the records had been served on an office of the company. Recognizing the rule of ejusdem generis, the court held that its application to 18 U.S.C. § 1503 did not preclude a prosecution for deliberately destroying documents sought by a grand jury subpoena.

The defendant also seeks reversal for alleged errors in the jury instructions. The government argues that no question with respect to instructions was preserved for review since the defendant did not object to the instructions of the court as required by

Rule 30, F.R.Crim.P. The defendant contends this court may consider his assignment of three of these claims under the "plain error" provision of Rule 52(b), F.R. Crim.P. and that the fourth was properly preserved. Upon consideration the court concludes that the claims that the jury was improperly instructed on the element of intent, on the defendant's state of mind and on the purpose of 18 U.S.C. § 1503 do not require reversal under the plain error rule. As we stated in *United States v. Vigi*, 515 F.2d 290, 293 (6th Cir.), *cert. denied*, 423 U.S. 912, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975), "In the absence of objection to instructions we cannot consider a claim of error unless the instructions are so manifestly prejudicial as to lead to a miscarriage of justice." (Citations omitted). The instructions complained of, particularly when read in context of the entire jury charge, simply do not meet this test.

■ The district court gave the following instruction on circumstantial evidence:

There are two types of evidence. One is direct evidence—such as the testimony of an eyewitness. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the commission of the offense.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

Though the defendant did not object to this instruction as required by Rule 30, he did request in writing an instruction which included a charge that "circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt *or innocence* of a defendant." (Emphasis added). He contends that he was prejudiced by the court's stating that circumstantial evidence may point to the commission of the offense without adding that it may also indicate innocence. Since the requested instruction apprised the trial judge of defendant's position on the matter, his later failure to ob-

ject to omission of the requested charge does not preclude our consideration of his claim. However, we conclude that any error in the failure to instruct as requested by the defendant was harmless. Rule 52(a), F.R.Crim.P.; *United States v. Eddings*, 478 F.2d 67, 73 (6th Cir. 1973). The jury was fully instructed on the burden of proof and presumption of innocence. Further, it was told to consider the testimony of witnesses and exhibits, regardless of who called the witnesses or produced the exhibits. And a proper instruction on reasonable doubt was given both before and after the one relating to circumstantial evidence.

The cases relied upon by the defendant differ from the present case. In *United States v. Fields*, 466 F.2d 119 (2d Cir. 1972), and *United States v. Clark*, 475 F.2d 240 (2d Cir. 1973), the erroneous circumstantial evidence instructions were prejudicial because of the likelihood of their misleading the jury as to the proof required to establish specific elements of the crimes charged. That was not the case here. The elements of the offense were clearly stated in the instructions, with particular emphasis on the necessity to prove specific intent.

The judgment of the district court is affirmed.