**UNITED STATES of America, Plaintiff,**

v.

**Ronald COLLIS, Defendant.**

**Crim. A. No. 94–80967.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 18, 1995.

---

Saul S. Green, U.S. Atty. by Stephen L. Hiyama, Detroit, MI, for plaintiff.

David C. Tholen, Federal Defender Office, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

GADOLA, District Judge.

Defendant Ronald Collis was indicted in this action on October 13, 1994. In Count I, defendant was charged with obstruction of justice in violation of 18 U.S.C. § 1503 for submitting to a Federal District Court a bogus letter requesting leniency for himself. The letter allegedly bore the forged endorsement of his employer. Before the court is defendant's motion to dismiss Count I of the indictment because it fails to state an offense.

### I. Facts

On October 9, 1990, defendant pled guilty to the charge of embezzlement in criminal case no. 90–CR–80619–Dt before Judge Zatkoff. Defendant had been charged with embezzling money from an ERISA pension plan. On February 7, 1991, defendant was sentenced to a term of twelve months custody, to be followed by three years of supervised release. On February 18, 1994, the probation officer filed a petition with the court alleging violations of the supervised release. On May 12, 1994, a supervised release revocation hearing was conducted by Judge Zatkoff. On the day of the hearing, Judge Zatkoff received a letter signed by Thomas P. Schwanitz, Collis' employer, which described Collis' community service work and his attempts to improve his personal life. In the letter was a request for leniency on behalf of Mr. Collis. At the conclusion of the hearing, Judge Zatkoff found defendant to be in violation of the conditions of his supervised release. Judge Zatkoff revoked the supervised release and sentenced defendant to eight months imprisonment. According to the government, the non-binding sentencing guidelines range for defendant's violation of his supervised release was 4–10 months. U.S.S.G. § 7B1.4(a). The government also asserts that Judge Zatkoff could have sentenced defendant for up to 24 months of imprisonment under 18 U.S.C. § 3583(e)(3).

On October 13, 1994, a grand jury charged defendant, *inter alia,* with obstruction of justice. Count I of the indictment alleges:

On or about May 12, 1994, in the Eastern District of Michigan, Southern Division, RONALD COLLIS, defendant herein, in connection with the revocation of supervised release in the criminal case of *United States v. Ronald Collis,* No. 90–CR–80619–DT, did corruptly endeavor to influence, obstruct, and impede the due administration of justice, in that he submitted and caused to be submitted to the United States District Court a bogus letter requesting leniency for himself that bore the forged endorsement of his employer, Thomas P. Schwanitz, in violation of Section 1503 of Title 18 of the United States Code.

Before this court is defendant's motion to dismiss this count because it fails to state an offense.

### II. Analysis

Section 1503 provides in pertinent part:

Whoever ... corruptly ... influences, obstructs, or impedes or endeavors to influ-

ence, obstruct or impeded, the due administration of justice, shall be fined not more than $5,000.00 or imprisoned not more than five years, or both.

*Id.* Defendant argues that the letter from Mr. Schwanitz, even if "bogus," did not constitute an obstruction of justice under section 1503 because it did not affect the court's determination of guilt or the sentence imposed. It is unclear whether the judge was influenced by the letter. However, even if the letter did not influence the judge, actual obstruction of justice is not necessary to constitute a violation of section 1503. *United States v. Rasheed*, 663 F.2d 843, 853 (9th Cir.1981), *cert. denied*, 454 U.S. 1157, 102 S.Ct. 1031, 71 L.Ed.2d 315 (1982). Section 1503 "makes an offense of any proscribed 'endeavor'" *United States v. Mitchell*, 514 F.2d 758, 761 (6th Cir.1975) (quoting *Osborn v. United States*, 385 U.S. 323, 333, 87 S.Ct. 429, 435, 17 L.Ed.2d 394 (1966)), *cert. denied*, 423 U.S. 847, 96 S.Ct. 86, 46 L.Ed.2d 68 (1975). In a "section 1503 prosecution, the government need not show that the false statements actually obstructed justice." *United States v. Thomas*, 916 F.2d 647, 652 (11th Cir.1990). If defendant's letter had "the natural and probable effect of impeding justice" then it constitutes an "endeavor" to obstruct justice in violation of section 1503. *United States v. Thomas*, 916 F.2d 647, 652 (11th Cir.1990).

In a similar case, the Seventh Circuit held that false letters submitted by the defendant, Mr. Barber, to a federal district court requesting a harsh sentence for one Mark McFarland constituted a violation of section 1503. *United States v. Barber*, 881 F.2d 345, 351 (7th Cir.1989), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). The court rejected the defendant's argument that there was no violation because the letters were discovered to be false and did not affect McFarland's sentence. *Id.* The court explained that the false letters "constituted an 'endeavor' to influence McFarland's sentencing" because they "could have altered the district court's sentencing of McFarland." *Id.* Similarly, in the instant case, a jury could find that a letter from an employer requesting leniency for a defendant could alter the district court's sentencing and could

have the "natural and probable effect" of impeding justice.

Defendant argues that the government has failed to establish a nexus between the false statement, the letter, and the obstruction of the administration of justice. *United States v. Thomas*, 916 F.2d 647, 652 (11th Cir.1990). Defendant argues that his action was simply the rendering of false testimony and relies heavily on *United States v. Essex*, 407 F.2d 214 (6th Cir.1969) for the proposition that the rendering of false statements or testimony standing alone is not an obstruction of justice. In *Essex*, the Sixth Circuit held that a false affidavit submitted by a witness, Essex, to the district court in connection with a motion for a new trial by James R. Hoffa did not constitute a violation of section 1503. In her affidavit, Essex falsely stated that she had had sex with several jurors in the criminal case while the jury was sequestered. *Id.*, at 215. The *Essex* court noted that the gravamen of Essex's offense was the "rendering of false testimony and nothing more," *Id.*, at 218. The court concluded that "[i]f appellant committed any offense at all, it was the perjury ..." *Id.* In a subsequent decision, *United States v. Jeter*, 775 F.2d 670 (6th Cir.1985), *cert. denied*, 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986), the Sixth Circuit explained *Essex* as holding that section 1503 did not reach the acts in that case because "the statutory charge of perjury, 18 U.S.C. § 1621, was clearly tailored to cover that particular criminal action." *Id.* The Sixth Circuit then found that defendant's actions in *Jeter*, which consisted of illegally obtaining and selling copies of grand jury transcripts, were covered by section 1503. *Id.* The Sixth Circuit again distinguished *Essex* in *United States v. Faudman*, 640 F.2d 20 (6th Cir.1981), where a defendant was accused of altering corporate records subpoenaed by a federal grand jury. The court rejected defendant's argument that his actions were mere perjury and beyond the scope of section 1503, stating:

> [In *Essex*], the only basis of the charge was the defendant's alleged perjury. She was not charged with interfering with the work of the grand jury in relation to the testimony of any other witness. In the

present case, however, it was the testimony of the Borman Company, by way of its corporate records, which was sought by the grand jury. The defendant did impede the administration of justice by altering those records so that the "testimony" of the company would not implicate his brother. The acts of the defendant in the present case were aimed at distorting the evidence to be presented by the company and were intended to impede the administration of justice. These acts violated § 1503.

*Id.* at 23.

■ Based on the Sixth Circuit's decisions in *Jeter* and *Faudman*, the court finds that Count I of the Indictment does state an offense. In the instant case, defendant Collis did not commit perjury. He was not under oath; he was not responding, orally or in writing, to questions; and he did not submit under penalty of perjury any signed statement. The government could not have charged him with violating either one of the federal perjury statutes, 18 U.S.C. §§ 1621, 1623. Instead, the facts alleged in Count I of the Indictment indicate that Collis attempted to influence the judge by submitting a bogus letter from his employer. Such a letter created the impression that a third party was providing a subjective character endorsement for Collis and suggesting to the judge that Collis deserved leniency. The court finds that the allegations in Count I of the Indictment do state a violation of section 1503.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to dismiss Count I of the Indictment is **DENIED**.

**SO ORDERED.**