**UNITED STATES of America**

v.

**John W. CAMPBELL.**

**Crim A. No. 72–194.**

United States District Court,
W. D. Pennsylvania.

Nov. 8, 1972.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Thomas A. Livingston, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

■ Defendant moves to dismiss Count I of the within indictment because it fails to set forth facts sufficient to constitute an offense under 18 U.S.C. § 1503. The count as stated reads that the defendant, being an attorney, did agree and promise Charlene McIlwaine, his client in a criminal case then pending against her in this United States District Court, that he could and would use certain monies paid by her to him to obtain a favorable disposition of her case through unlawful means.

The statute defining the offense says:

"§ 1503. Influencing or injuring officer, juror or witness generally.

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States magistrate or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, . . .".

The indictment charges that out of dealings between the defendant and his client in a pending criminal action, the defendant endeavored to obstruct justice.

■ While the statute uses the broader term "endeavor" to define the offense, it appears clear that there must be some overt act directed toward some person whose action or failure to act could affect the outcome of the case.

" . . . for an 'endeavor' to come within the ambit of a statute similar to the one here involved, [18 U.S.C. § 1503] the defendant's act must have been directed at, and/or brought to bear upon, some person who had legal authority to do, or not to do, some act which would or could affect the final outcome of the trial." Ethridge v. United States, 258 F.2d 234, 236 (fn. 2) [9th Cir., 1958].

The present indictment does not recite any act whereby the defendant,

"corruptly or by threats or force, or by any threatening letter or communication,"

which

"endeavors to influence, intimidate, or impede"

any person.

Nor does the indictment state that defendant did any act that

"corruptly or by threats or force . . . influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

In each of the cases cited by the government there has been some act directed toward some person having power to affect the result.

In Anderson v. United States, 215 F.2d 84 [6th Cir., 1954], the defendants did agree to alter the testimony of a material witness.

In United States v. Solow, 138 F.Supp. 812 [S.D.N.Y.1956], the defendant de-

stroyed documents that were potential material evidence.

In Samples v. United States, 121 F.2d 263 [5th Cir., 1941], the defendant was shown to have acted to induce a co-defendant to perjure himself or fail to appear for trial.

The government also argues that the final clause of the statute is broad enough to cover the present indictment,

"or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

While some cases have called for a broad interpretation of the act, as

"The statute is broad enough to cover any act, committed corruptly, in an endeavor to impede or obstruct the due administration of justice." Samples v. United States, supra.

nevertheless, some act looking toward that end is required.

In United States v. Metcalf, 435 F.2d 754 [9th Cir. 1970], the court construed the final clause of the statute:

"Moreover, the general provision, although it refers to the broad range of 'due administration of justice,' prohibits only specified types of impeding acts—i. e., 'by threats of force, or by threatening letter or communication.' Thus, . . . the manner in which the statute may be violated would ordinarily seem to be limited to intimidating actions. This conclusion would appear necessarily to follow from the proposition that section 1503, since it is a criminal statute, must be, and should be, construed narrowly so that it can be upheld against the charge of vagueness. United States v. Scoratow, 137 F.Supp. 620 (W.D. Pa.1956)." [P. 757].

In United States v. Essex, 407 F.2d 214 [6th Cir. 1969], the court considered a charge that defendant had filed a false affidavit in support of a motion for new trial of defendant James Hoffa. The affidavit was to the effect that affiant had sexual relations with several members of the jury while they were deliberating the Hoffa case. The court found the affidavit false, thus constituting the crime of perjury. But 18 U.S.C. § 1503 is a contempt of court statute, and false testimony alone does not amount to contempt of court. In re Michael, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30 [1945]; Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 [1941]. Before any court may punish for contempt "there 'must be added to the essential elements of perjury . . . the further element of obstruction to the Court in the performance of its duty' " and, " 'the presence of that element (obstruction) must be clearly shown in every case where the power to punish for contempt is exerted' " [407 F.2d 214, 217, citing In re Michael, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30 [1945]].

The court in United States v. Essex, continued, 407 F.2d p. 218:

"Since the statute before us, 18 U.S.C. § 1503, is also a contempt statute the obstructive element, that is, impeding the court in the conduct of its business or endeavoring to do so beyond the mere rendering of false testimony, must, we believe, be alleged and proved before conviction can be had under it. . . . Appellant, as in In re Michael, was charged with rendering false testimony and nothing more; although she may have perjured herself—and we do not decide this—she did not endeavor to influence or interfere with 'officer[s], juror[s] or witness[es]' within the meaning of 18 U.S.C. § 1503, nor was she so charged."

The court added:

"We would have little difficulty finding a violation of 18 U.S.C. § 1503 had the allegations of Appellant's affidavit been true."

The court concluded:

"We refuse to broaden the obstruction of justice statute beyond the scope that Congress gave to it. As a criminal statute 18 U.S.C. § 1503 requires strict construction. The general clause at its end, moreover, must be read to embrace only acts similar to those mentioned in the preceding specific language. Haili v. United States, 260 F.2d 744 [9th Cir. 1958]." (P. 218).

We cannot accept the government's argument that United States v. Johnson, 165 F.2d 42 [3rd Cir. 1947] sustains this indictment. Several defendants, including a former United States District Judge, were indicted for a continuing conspiracy to obstruct the administration of justice. The former district judge was acquitted but certain other defendants were found guilty. On appeal the Court of Appeals found that there was sufficient evidence to support the charge of a continuing conspiracy, and that certain overt acts within the period of the statute of limitations were proven. In answer to the appellants' claim that the whole charge must fall because the only court officer charged was found not guilty the Court of Appeals found this untenable. The court held that the action of the jury need not be consistent to be legal, that the case against each defendant must stand or fall on its own strength or weakness, and that the overt act in furtherance of the conspiracy by any one of the defendants in furtherance of the plan of the conspiracy is sufficient.

The government is incorrect in its statement that the conspiracy of defendants alone in *Johnson* was sufficient to sustain the offense. It is clear that the Court of Appeals required the showing of some overt act done within the period of the statute of limitations. No conspiracy is charged here.

The government also argues that since Charlene McIlwaine was a party and a possible witness in her own case, any dealing with her to secure an unlawful disposition of her case constituted an endeavor to obstruct justice because it would impair her right to a fair trial on the charge brought against her. We concede that a defendant may be a party witness in a case to whom the statute applies. The cases have held that attempts to persuade a party to abscond [Samples v. United States, supra] or to prevent her from appearing at trial [Astwood v. United States, 1 F.2d 639 [8th Cir. 1924]], or to commit perjury [Samples v. United States, supra] have been held to come within the statute.

We concede that Charlene McIlwaine comes within the definition of a witness as set forth in United States v. Minker, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185 [1956]:

" . . . the word (witness) . . can fairly be applied to anyone who gives testimony in a proceeding, although the proceeding immediately or potentially involves him as a party . . . .".

But, *Minker* involved a contempt judgment for the failure to respond to a subpoena to testify before the Immigration and Naturalization Service in his own proceeding at 217 F.2d 350 [3rd Cir. 1954], and both the Court of Appeals and the United States Supreme Court held that the statute giving the Immigration and Naturalization Service power to subpoena "witnesses" was not sufficiently clear to cover persons who are themselves the subject of denaturalization investigations.

But the present indictment charges no act, either directed toward Charlene McIlwaine or any other person, which would tend to obstruct the process of justice in any way. All that is stated in the indictment is an agreement or promise to Charlene McIlwaine to obtain a disposition of her case by unlawful means. There is no allegation in the indictment that defendant did any act to accomplish what he promised. This would amount to an allegation of fraud, cheating, or false pretense, but not of any act forbidden by the federal statute under which the indictment was brought.

Defendant's motion to dismiss Count I of the Indictment will be granted.

Defendant also moves to dismiss Counts II through IX of the Indictment on the grounds that the mailings were not essential to the scheme to defraud under 18 U.S.C. § 1341. This is a fact which can only be established by the presentation of evidence at trial. The allegations of the indictment are sufficient to charge the offense.

Defendant's motion to dismiss Counts II through IX of the Indictment will be denied.