**UNITED STATES of America, Plaintiff,**

v.

**Charles F. CORTESE, Defendant.**

**Crim. No. 82–00136–01.**

United States District Court,
M.D. Pennsylvania.

Jan. 31, 1983.

Eric Holder and Richard Green, U.S. Dept. of Justice Criminal Division, Washington, D.C., for plaintiff.

George E. Clark, Jr., Scranton, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

■ Before us for disposition is defendant's motion to dismiss Count One of the three count indictment filed in the current matter. Count One charges a violation of 18 U.S.C. § 1503[1] in that defendant is alleged to have "corruptly . . . endeavor[ed] to influence" Roseanne M. Donahue, then known as Roseanne Cortese [defendant's wife], who was serving as a petit juror in a federal criminal trial. Specifically, defendant is alleged to have asked the juror to vote not guilty.[2]

Defendant's current motion and his supporting brief take the position that Count One of the indictment is insufficient in that "it fails to allege an overt act, the purpose of which is corruptly to influence a juror" and fails to allege any intimidating acts directed at the juror. Moreover, defendant contends that the government should have alleged a conspiracy by defendant and the juror to obstruct justice in contravention of 18 U.S.C. § 1503.

1. The statute, captioned "influencing or injuring officer, juror or witness generally" provides in relevant part as follows:

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede . . . any petit juror . . . shall be fined not more than $5,000 or imprisoned not more than five years or both.

2. Documentation submitted with the various motions filed in this case and related ones indicates that this juror was the lone holdout for acquittal. Success in an endeavor to obstruct justice, however, is not a prerequisite to an 18 U.S.C. § 1503 prosecution. *United States v. Shoup,* 608 F.2d 950 (3d Cir.1979). *See also Osborn v. United States,* 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966); *United States v. Russell,* 255 U.S. 138, 41 S.Ct. 260, 65 L.Ed. 553 (1921).

■ We have reviewed the contentions of defendant and of the government in its responsive brief and find defendant's position to be without merit. Defendant relies on two cases, *United States v. Campbell,* 350 F.Supp. 213 (W.D.Pa.1972) and *United States v. Metcalf,* 435 F.2d 754 (9th Cir. 1970), neither of which mandate the result defendant seeks here. In *Campbell,* for example, an obstruction of justice count was dismissed because no act directed at anyone who could bring about the desired result was alleged. In *Campbell,* an attorney was indicted after he purportedly told a client that he would use funds she paid him to influence unlawfully the resolution of her case. The problem the court saw, however, was that no charge was made that the attorney approached anyone for that purpose. As the court noted, "[I]t appears clear that there must be some overt act directed toward some person whose action or failure to act could affect the outcome of the case." *Id.* at 214. In *Campbell* this element was missing from the indictment. In the current matter it is present because obviously if defendant asked a juror to vote in a particular way, he was endeavoring to influence her. Certainly it would be within the power of a corruptly influenced juror to bring about the result sought by the individual who approached the juror.

We also direct defendant's attention to the contrast between *Campbell* and *United States v. Fasolino,* 586 F.2d 939 (2d Cir. 1978), wherein a conviction was upheld when the complained of acts consisted of defendant's twice asking a lawyer acquaintance, who also was the county jury commissioner, to take a judge to lunch to discuss with him the pending sentencing of another individual and urge probation. It was undisputed that the judge was never approached. Nevertheless, the court concluded that the three basic elements of the crime—(1) endeavoring, (2) corruptly, (3) to influence—had been met and could be met "merely by words." *Id.* at 940–41.

■ The second prong of defendant's argument appears to be that not only is an overt act required but that, at least in the present context, the act must be intimidating. In support defendant has referred us to language in the *Metcalf* case, *supra,* that under *ejusdem generis* principles violations of the statute "would ordinarily seem to be limited to intimidating actions." 435 F.2d at 757. Despite any comfort defendant may derive from the aforesaid observation, numerous tribunals have refused to apply 18 U.S.C. § 1503 so narrowly. As the government brief indicates, the Third Circuit in *United States v. Walasek,* 527 F.2d 676 (3d Cir.1975), expressly rejected the *Metcalf* restriction. The *Walasek* court answered affirmatively when confronted with the question of whether the statute encompassed the intentional destruction of documents sought through a federal grand jury subpoena duces tecum.

We realize that there has been uncertainty in the federal courts over what conduct is prohibited as "obstruction of justice" under 18 U.S.C. § 1503. However, we believe that the language of the statute undoubtedly contemplated punishment for the kind of influence defendant is accused of endeavoring to exert on a juror. In so concluding, we also reject defendant's argument that the government should have alleged a conspiracy between defendant and his wife. Defendant argues that his wife was a willing participant. Whether she was or not, however, is irrelevant to our decision in the present matter since we find that coercion or intimidation is not a prerequisite to prosecution under 18 U.S.C. § 1503. In accordance with the foregoing discussion, an appropriate order will be filed.