THE GOLD SIGN CO., INC., Respondent, *v.* NICHOLAS P. COSMAS, Appellant.

Supreme Court, Appellate Term, First Department, May 7, 1925.

**Contempt — civil contempt — motion to punish defendant for contempt of court in making false affidavit as to financial condition in opposition to motion for summary judgment under Rules of Civil Practice, rule 113 — defendant's statement being immaterial did not prejudice plaintiff's rights on motion for summary judgment.**

An order predicated upon a motion to punish the defendant for contempt of court for submitting a false affidavit as to his financial condition in opposition to plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, should be reversed, however improper defendant's conduct may have been, since plaintiff's remedy neither was impeded nor his rights prejudiced by defendant's deliberate misstatement as to his financial condition which was immaterial in the determination of the merits of plaintiff's motion for summary judgment.

GUY, J., dissents.

Appeal by defendant from an order of the Municipal Court, Borough of Manhattan, Fourth District, entered on the 16th day of February, 1925, as resettled by order of said court, entered on February 27, 1925.

*Anton Gronich*, for the appellant.

*Max Ornstein*, for the respondent.

Per Curiam:

The order appealed from adjudges defendant guilty of a contempt of court. By said order it was " Adjudged, that said Nicholas P. Cosmas is guilty of a contempt of court, in that on June 30th, 1924, he deliberately and wilfully made a false affidavit, knowing it to be false, and thereafter submitted same to this court for its consideration, in opposition to a motion then pending before it for a summary judgment under rule 113 of the Rules of Civil Practice."

The order was predicated upon statements contained in an affidavit submitted by defendant on a motion made by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice and also upon testimony given by defendant in an examination had in the City Court in proceedings supplementary to execution. The motion for summary judgment was denied, but subsequently plaintiff obtained judgment after a trial.

It is alleged by plaintiff that in an opposing affidavit submitted on the motion for summary judgment the defendant made false statements and " deliberately and wilfully misled the court." Plaintiff further alleges that the conduct of defendant " was calculated to impair, impede, injure and prejudice the rights of the plaintiff, and said defendant has shown a reckless disregard for the authority and majesty of this court."

The moving papers submitted by plaintiff on the motion for summary judgment contain the following statement: " The financial responsibility of the defendant is doubtful and it is possible that a delay in the procuring of the judgment herein may be equivalent to a denial of justice."

In an answering affidavit the defendant said: " The affidavit made by Alex Gold and verified the 27th day of June, 1924, is untrue in many respects. * * * I never stated to plaintiff's representatives that I was short of funds and asked them to wait until some future time. It is not true that I am financially irresponsible." When defendant was examined in supplementary proceedings in the City Court he stated in substance that at the time the affidavit was submitted by him on the motion for summary judgment he did not possess any property. Plaintiff concludes, therefore, that in the affidavit submitted by defendant on said

motion he deliberately made a misstatement and deceived the court.

As the question of defendant's financial condition was wholly immaterial in the determination of the merits of plaintiff's application for summary judgment, it follows that however reprehensible the conduct of defendant, no right or remedy of the plaintiff was impeded or prejudiced by defendant's deliberate misstatement. (*Dollard* v. *Koronsky,* 67 Misc. 90; affd., 138 App. Div. 213; affd., 199 N. Y. 558.)

Order reversed, with ten dollars costs, and motion denied.

WASSERVOGEL and GLENNON, JJ., concur; GUY, J., dissents.