HEGELAW v. STATE et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7270. Decided Feb. 14, 1927

293. CONTEMPT—In order to find one guilty of contempt under 12136 GC., three elements are necessary, i. e., that the alleged false answer had an obstructive effect; judicial knowledge of the falsity of the testimony; and the question must be pertinent to the issues.

### First Publication of this Opinion

LEVINE, J.

Robert Hegelaw was found guilty of contempt of court by the Common Pleas Court. He seeks a reversal. The finding of the court was "That Robert Hegelaw is found guilty of contempt of court because of his contumacious conduct in the presence and hearing of the court while testifying as such witness and because of his giving untruthful, prevaricating and evasive testimony as such witness."

It appears that Margaret Hegelaw, his former wife, commenced an action in Cuyahoga Common Pleas against the Cleveland Trust Company to recover $1800, the same being one-half of a bank account standing in both of their names. This money had been withdrawn some months before on a withdrawal slip purported to have been signed by both parties and Margaret Hegelaw claimed that she never signed same and the signature thereon was a forgery.

In interrogation of Hegelaw concerning the matter, he being pinned down as to certain facts, told the parties to go to the bank records and find out as to when he re-deposited the money withdrawn. This was done and it was found that the time of deposit was the same day, when in fact Hegelaw had testified that it was several days after. The court, thereupon, under authority of 12136 GC., had Hegelaw arrested and he was found guilty. Error was prosecuted and the Court of Appeals held:

1. To justify a finding of guilty of contempt in cases similar to the one at bar three elements are necessary, i. e., 1. That the alleged false answer had an obstructive effect, 2. The question must be pertinent to the issues. 3. Judicial knowledge of the falsity of the testimony.

2. In nearly every case issues of fact are made up by the pleadings, each side seeking by testimony to maintain its side. The Court or jury in rendering its judgment or verdict, bases its findings upon the testimony which seems the more probable.

3. Merely because a court chose to believe the one side in preference to the other, as to an issue of fact upon grounds of greater probability, would not justify the court in holding the witness who supported the losing side guilty of contempt of court.

4. To justify such action by the court, the falsity of the witness's testimony given in open court must be a matter of judicial knowledge, not merely of opinion, it must be a patent falsehood upon which there can be no difference of opinion.

5. In addition the question of when he deposited the funds withdrawn with another bank was not a material issue and in no way was justice obstructed.

Judgment reversed and Hegelaw discharged. (Sullivan, PJ., concurs.)

Attorneys—Stephen M. Young and Don J. Young for Hegelaw; R. S. Douglas and F. B. Fultz for State; all of Cleveland.