## In re GOTTMAN.

### No. 214.

Circuit Court of Appeals, Second Circuit.

March 17, 1941.

John T. Cahill, U. S. Atty., of New York City (David L. Marks and Arnold C. Stream, Asst. U. S. Attys., both of New York City, of counsel), for United States, amicus curiae.

James D. C. Murray, of New York City (Milton Pollack, of New York City, of counsel), for appellant.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This appeal is from an order of a district judge sitting by assignment in the District Court for the Southern District of New York adjudging the appellant guilty of a criminal contempt of court. Appellant was sentenced to a term of imprisonment and denied bail which was later granted, however, by a circuit judge.

The circumstances leading to the judgment and sentence from which the appeal was taken are as follows:·

A civil case was being tried to a jury in the district court in which the plaintiff, one ·Schweinert, was seeking to recover from the Insurance Company of North America, upon a policy of insurance issued by the latter, for the loss of jewelry. A bracelet was claimed by the plaintiff to have been among the articles lost and the defense, in part at least, was that the proof of loss filed by the plaintiff contained a fraudulent description of that piece of jewelry. The plaintiff, admitting the inaccuracy of the description, insisted that it was merely a mistake.

The appellant was an intimate friend of the plaintiff who had furnished the description of the bracelet which went into the proof of loss. He was not called as a witness for the plaintiff but was called by the defendant during the presentation of its defense and examined in respect to the matters in issue. But this was not the extent of his examination. He was asked if he were a doctor and replied that he was not. Then he was asked whether he had testified in another case before a city magistrate that he was a doctor. He replied at first that he had not testified in that case; and then that he couldn't recall so testifying; and finally, when shown the stenographer's minutes, admitted that he had, explaining that he had forgotten as about two years had elapsed and he had merely been examined informally in the magistrate's court when he had appeared there in behalf of a friend. Then he was asked if he had registered at hotels in New York under assumed names and denied that he had until names he had used at certain hotels there were put into the questions asked him and then he admitted that he had so registered and lived for short periods under such assumed names at such hotels. No one now claims that the questions asked and answered concerned matters material to the issues on trial and obviously they did not. The judge actively participated in the examination which brought about these false denials and later the admissions of the truth. He thereupon suspended the trial of the civil action and, in the absence of the jury, proceeded at once to conduct a hearing to determine whether the appellant should be· adjudged in contempt. Appellant, who was not represented by an attorney, was then examined further regarding his past conduct and held in contempt.

The power of a federal court to punish contempts of its authority flows from 28 U.S.C.A. § 385 and that power when properly exercised undoubtedly includes the punishment of a witness who wil-

fully testifies in the presence of the court in such a way as to obstruct justice. When that is so, the hearing to which such a witness is entitled before being adjudged in contempt need be only one which fairly accords him an opportunity to understand the charges made against him; to procure counsel if he desires; to present such relevant evidence as he may offer; and to be heard by himself or by counsel on the issues. United States v. McGovern, 2 Cir., 60 F.2d 880. It is extremely doubtful whether the hearing in this instance did comply with these minimum requirements but, as we think there must be a reversal for other reasons, we will turn at once to a consideration of them.

It is well settled that the commission of the crime of perjury by a witness when testifying in court is not necessarily a contempt. To be that it must involve some element of obstruction to justice not always inherent in that crime. Ex parte Hudgings, 249 U.S. 378, 39 S. Ct. 337, 63 L.Ed. 656, 11 A.L.R. 333; Clark v. United States, 289 U.S. 1, 53 S. Ct. 465, 77 L.Ed. 993; The Reno, 2 Cir., 61 F.2d 966. But a witness may, of course, be guilty of contempt of court by obstructing justice and be guilty of perjury also. United States v. McGovern, supra. Here no one contends that the appellant committed the crime of perjury since none of his false answers during his examination in the case on trial were material and the appeal presents the bald question of whether or not false swearing by a witness as to immaterial issues amounts to a contempt of court.

It has been argued that false swearing by a witness during a trial concerning issues wholly immaterial can never be an obstruction to justice and perhaps that is so though we need not, and do not, put our decision upon so broad a ground. See, however, Hegelaw v. State, 24 Ohio App. 103, 155 N.E. 620; Gold Sign Co. v. Cosmas, 124 Misc. 877, 209 N. Y.S. 611.

Here the witness, however much he may have falsified as to the utterly irrelevant matters concerning which he was examined, recanted and told the truth. The effect upon the material issues was substantially the same as though he had made the admissions without being pressed to do so and the result was derogatory to him personally without otherwise being of conse-

quence. In so far as he was shown to be a dissolute character, whether or not there was any error in the action of the court in permitting the questions that brought out the answers given, in the estimation of the jury his credibility as a witness was probably impaired but the party who called him brought that about. There being no refusal to answer any question asked and no deception which could have been an obstruction to justice, the order adjudging him in contempt was erroneous.

False swearing is the sum total of what has been treated as misconduct obstructing justice and that alone, as the cases cited show, is not a contempt of court.

Order reversed.