JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Brown ("Brown"), appeals, in these consolidated appeals, his conviction for speeding and the trial court's finding of contempt in two separate cases in the Bedford Municipal Court. Finding some merit to the appeals, we affirm in part, reverse in part, and remand.
 {¶ 2} In April 2005, Brown was charged with speeding in Case No. 05TRD02751, a third degree misdemeanor. After his court appearance for the speeding charge, Brown was arrested for disorderly conduct because of his repeated threats and profanities toward the court bailiff. Brown was then charged with disorderly conduct in Case No. 05CRB00699 on April 27, 2005.[1]
 {¶ 3} After numerous continuances and pretrials, the matters were scheduled for a jury trial on December 1, 2006. Prior to the start of trial, Brown advised the court that he wanted new counsel. He felt that his current, court-appointed counsel was not "representing [him] the way he should."[2] The court granted defense counsel's motion to withdraw, continued the trial, and found Brown in direct contempt. Brown was sentenced to ten days in jail and ordered to pay one day of jury costs in addition to all other court costs to date.[3] *Page 4 
 {¶ 4} Brown retained new counsel and both matters were reset for a jury trial in January 2007, at which Brown was found guilty of speeding and not guilty of disorderly conduct. Brown failed to appear at the sentencing hearing on February 5, 2007, so the court issued a warrant for his arrest.
 {¶ 5} The court reset the matter for sentencing to April 17, 2007. At that hearing, the court fined Brown $150 for the speeding charge. The court also found him in contempt for failing to appear at the February sentencing hearing and fined him $50. The municipal court stayed execution of Brown's sentence pending the appeal.
 {¶ 6} Both cases have been consolidated by this court for hearing and disposition.[4]
 Direct Contempt Charge — Disorderly Conduct Charge: Case No. 89135 {¶ 7} Brown appeals the trial court's finding of contempt on December 1, 2006, raising three assignments of error for our review. In the first assignment of error, he argues that the trial court abused its discretion when it found him guilty of contempt without evidence of the intent to defy a court order. In the second assignment of error, he argues that the trial court erred and abused its discretion in finding him guilty of contempt in the absence of an imminent threat to the court. In the third assignment of error, he alleges that the court abused its discretion in failing *Page 5 
to afford him an unbiased decision maker. We will discuss these assignments of error together because they involve the same facts and standard of review.
 {¶ 8} The law of contempt is intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and to affirm the supremacy of law. Cramer v. Petrie, 70 Ohio St.3d 131,1994-Ohio-404, 637 N.E.2d 882. The decision whether to find one in contempt of court rests within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion.State v. Kilbane (1980), 61 Ohio St.2d 201, 400 N.E.2d 386, paragraph one of the syllabus. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} The law of contempt is categorized as direct contempt and indirect contempt. In re Williams (Aug. 23, 1990), Cuyahoga App. No. 56908. A person must be proven guilty beyond a reasonable doubt to be found in direct criminal contempt of court. Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250, 251, 416 N.E.2d 610. To constitute direct contempt, a person must misbehave "in the presence of or so near the court or judge as to obstruct the administration of justice." R.C.2705.01. Subsequently, the judge may summarily punish the direct contempt offender. Id.
 "The reason for authorizing the court to summarily punish direct contempt without the necessity of notice and an opportunity to be heard is that unless *Page 6 
such an open threat to the orderly procedure of the court is not instantly suppressed and punished, demoralization of the court's authority may follow. Such necessity does not exist when contempt is not in the presence of the court or not so near as to obstruct the administration of justice." State v. Conliff (1978), 61 Ohio App.2d 185, 401 N.E.2d 469, citing Cooke v. United States (1925), 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767.
 {¶ 10} In Cleveland v. Heben (1991), 74 Ohio App.3d 568,599 N.E.2d 766, this court stated that:
 "The determination of contempt is left to the sound discretion of the trial judge. However, the accused's guilt must be affirmatively shown in the record and the offending conduct must constitute an imminent threat to the administration of justice. `[T]he administration of justice is best served by restricting the power of summary direct contempt to that conduct which tends to impede, embarrass or obstruct the court in the performance of its function.'" Quoting Conliff. (Internal citations omitted.)
 {¶ 11} Furthermore, "`[b]ecause of the summary nature of a direct contempt conviction, the court must be careful to guard against confusing actions or words which are contemptuous to the judge's personal feelings or sensibilities and actions or words which constitute punishable, criminal contempt of a summary nature because of posing an actual or imminent threat to the administration of justice.'" State v.Milano (Aug. 4, 1983), Cuyahoga App. No. 44610, quotingConliff.
 {¶ 12} Brown argues that there is nothing in the record to show that his conduct was contemptuous. He claims that his conduct was not disruptive and that his conduct did not threaten the court's immediate ability to conduct its proceedings. He also claims that he has the right to a hearing and an impartial judge.
 {¶ 13} In the instant case, Brown's court-appointed counsel filed a motion to withdraw the day before trial, stating that "for some time now" Brown "has been *Page 7 
uncooperative in assisting" him in the defense. Prior to the start of the scheduled jury trial on December 1, 2006, defense counsel advised the court that Brown did not believe that his representation was adequate and Brown no longer wanted his representation. When questioned by the court, Brown stated that his current, court-appointed counsel was not "representing [him] the way he should" because counsel had not investigated the information Brown had provided and counsel had not prepared him for trial. Defense counsel then acknowledged that he was not prepared to go forward with Brown's case. The court concluded that Brown has a right to the effective assistance of counsel and therefore continued the matter because Brown and his counsel could not "get along." The court then found Brown in contempt, sentenced him to ten days in jail and ordered him to pay one day of jury costs in addition to all court costs to date.
 {¶ 14} In reviewing the record, we find that Brown's conduct was neither disrespectful nor disruptive. The record does not reflect that he impugned the judge or the judicial process, that he made a scene, or that he intended to delay the proceedings. See In re Contempt ofRossman (1992), 82 Ohio App.3d 730, 613 N.E.2d 241. Defense counsel knew "for some time" that Brown was not cooperating, but he waited until the day before trial to seek to withdraw. Brown should not be punished for what his attorney failed to do in a timely manner. We find no evidence that Brown engaged in conduct which obstructed the administration of *Page 8 
justice, punishable as direct contempt with ten days in jail and court costs. Thus, we conclude that the trial court abused its discretion in finding Brown in direct contempt.
 {¶ 15} Accordingly, the first, second, and third assignments of error are sustained. Judgment is reversed in Case No. 89135.
 Speeding Violation and Contempt Charge: Case No. 89786 {¶ 16} Brown also appeals his speeding conviction and the court's finding of contempt for his failure to appear, raising three assignments of error for our review.
 {¶ 17} In the first assignment of error, Brown argues that his guilty verdict was against the manifest weight of the evidence. We note, however, that Brown failed to present any argument in support of this alleged error.[5]
 {¶ 18} An appellate court may disregard an assignment of error under App.R. 12(A)(2) "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." See, also, Hawley v. Ritley (1988), 35 Ohio St.3d 157, 519 N.E.2d 390.
 {¶ 19} App.R. 16(A)(7) states that appellant shall include in its brief:
 "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." *Page 9 
 {¶ 20} Because Brown failed to comply with App.R. 16(A), we decline to address this assignment of error.
 {¶ 21} Accordingly, the first assignment of error is overruled.
 {¶ 22} In the second assignment of error, Brown argues that the trial court erred when it denied his motion for a mistrial. He claims that the prosecutor violated Evid.R. 404(B) when he attempted to elicit testimony about Brown's involvement in another incident.[6]
 {¶ 23} A mistrial can be declared only where there is a "manifest necessity" for the act, and on appeal the court must evaluate whether the trial court abused its discretion in ordering the discharge.Arizona v. Washington (1978), 434 U.S. 497, 505-506, 98 S.Ct. 824, 54 L.Ed. 2d 717.
 {¶ 24} In Tingue v. State (1914), 90 Ohio St. 368, 108 N.E. 222, paragraph three of the syllabus, the Ohio Supreme Court held:
 "A mistrial should not be ordered in a cause simply because some error has intervened. The error must prejudicially affect the merits of the case and the substantial rights of one or both of the parties, and this is as true of the temporary absence of the judge as any other departure from due process of law during the trial of a cause." *Page 10 
 {¶ 25} The motion for mistrial should be granted only if the defendant's right to a fair trial has been adversely affected by the misconduct or irregularity complained of in the motion. State v.Clark (1974), 40 Ohio App.2d 365, 319 N.E.2d 605.
 {¶ 26} Brown complains about the following questions the prosecutor asked defense witness, Tim Fredmonsky, on cross-examination:
 {¶ 27} PROSECUTOR: "Do you know why the Defendant is here today?"
 {¶ 28} MR. WATSON: "Objection, your Honor."
 {¶ 29} THE COURT: "Overruled."
 {¶ 30} ***
 {¶ 31} PROSECUTOR: "And are you aware of any other incidents-"
 {¶ 32} MR. WATSON: "Objection."
 {¶ 33} PROSECUTOR: "-involving the Defendant?"
 {¶ 34} THE COURT: "Sustained."
 {¶ 35} MR. WATSON: "Move to strike."
 {¶ 36} THE COURT: "Yeah; the jury will disregard that question."
 {¶ 37} In reviewing the above testimony, we cannot say that the prosecutor's questioning prejudicially affected the merits of the case or Brown's substantial rights, nor did it adversely affect his right to a fair trial. The prosecutor attempted to ask a question about other incidents, but the court sustained Brown's objection and cautioned the jury to disregard the comments before the witness answered the question. Thus, no evidence of "other acts" was presented. Furthermore, the court *Page 11 
stated on the record that there was enough evidence for the jury to reach a decision without considering the disallowed comments.
 {¶ 38} Therefore, we find that the trial court did not abuse its discretion in denying Brown's motion for a mistrial. Accordingly, the second assignment of error is overruled.
 {¶ 39} In the third assignment of error, Brown argues that the trial court erred when it found him guilty of contempt for his failure to appear at the scheduled sentencing hearing. He claims that he was entitled to a hearing in order for the court to make a determination that his conduct was contemptuous.
 {¶ 40} As discussed above, the law of contempt is categorized into direct contempt and indirect contempt. This court has previously held that failure of the defendant to appear in court as scheduled is indirect contempt. Euclid v. Gaines (Feb. 2, 1978), Cuyahoga App. No. 36918.
 {¶ 41} Indirect contempt consists of acts committed outside of the presence of the court. R.C. 2705.02 defines indirect contempt as follows:
 {¶ 42} "A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer ***."
 {¶ 43} R.C. 2705.03 defines the procedure which must be followed by a trial court prior to a finding of indirect contempt and provides that: "[i]n cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk *Page 12 
of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel.***"
 {¶ 44} Under R.C. 2705.03, an individual charged with indirect contempt must be provided with the following constitutional due process requirements: "1) the contemnor is advised of the charge of indirect contempt; 2) the contemnor is provided a hearing; 3) the contemnor is afforded defense counsel; and 4) the contemnor is allowed to testify and call other witnesses." Cleveland v. Geraci (Dec. 16, 1993), Cuyahoga App. No. 64075, citing Courtney v. Courtney (1984), 16 Ohio App.3d 329,475 N.E.2d 1284.
 {¶ 45} In the instant case, the record demonstrates that Brown was not advised in writing of the contempt charge prior to his sentencing hearing. At the sentencing hearing, Brown was not afforded the right to call witnesses on his behalf. Therefore, the court's failure to comply with R.C. 2705.03 requires a remand to the Bedford Municipal Court for a new hearing with regard to whether Brown's conduct constituted indirect contempt. See, Geraci; In re: Davis (1991), 77 Ohio App.3d 257,602 N.E.2d 270; In re: Contempt of John Tremsyn (Mar. 9, 1989), Cuyahoga App. No. 55835; Weiland v. Industrial Commission of Ohio (1956),166 Ohio St. 62, 139 N.E.2d 36.
 {¶ 46} The third assignment of error is sustained.
 {¶ 47} Accordingly, judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings on the indirect contempt charge only in *Page 13 
Case No. 89786. The finding of direct contempt is vacated, and Brown is discharged in Case No. 89135.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] The speeding and disorderly conduct charges were tried together at the municipal court level.
[2] The day prior to trial, defense counsel filed a motion to withdraw.
[3] Brown was released from jail on December 4, 2006, after he paid one day's jury costs.
[4] Case No. 05CRB00699 corresponds to Appeal No. 89135. Case No. 05TRD02751 corresponds to Appeal No. 89786.
[5] Brown merely states, "It is our view that the Defendant had not committed the speeding violation. *** It seems unreasonable that this officer placed the radar on this vehicle."
[6] Evid.R. 404(B) addresses the admissibility of a defendant's other acts and provides that:
 "Other crimes, wrongs or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Page 1