OHIO DEPARTMENT OF TAXATION, Appellee,

v.

KUNKLE et al., Appellant.

[Cite as *Ohio Dept. of Taxation v. Kunkle*, 179 Ohio App.3d 747, 2008-Ohio-6393.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–07–033.

Decided Dec. 5, 2008.

748

Jan H. Stamm, for appellee.

Christopher F. Jones, for appellant.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, which found defendant-appellant, Alan G. Kunkle, guilty of criminal contempt of court for lying under oath. The court sentenced him to 10 days' incarceration. Appellant now challenges that judgment through the following assignment of error:

{¶ 2} "The trial court erred in finding appellant in criminal contempt of court for allegedly giving false testimony at a July, 2004 judgment debtor examination."

{¶ 3} This case was initiated in June 2003, when appellee, the Ohio Department of Taxation, filed a proceeding in aid of execution of judgment in the court below. That proceeding was filed after appellee obtained a judgment against appellant

for $21,446.30 for past-due personal income taxes. The first debtor's examination occurred on August 22, 2003, at which appellant denied owning any interest in real property. That examination was transcribed but was not presided over by the lower court. Subsequently, on July 19, 2004, the case proceeded to a debtor's examination before Judge James Barber. Again, appellant denied owning any real estate or having any interest in real estate. Ultimately, Judge Barber recused himself from this case for a potential conflict of interest, and Judge Joseph Schmenk was assigned to the case.

{¶ 4} On May 3, 2007, appellee filed in the court below a motion to cite appellant for contempt of court for lying under oath during the July 19, 2004 proceeding in aid of execution. Appellee supported its motion with certified copies of various deeds reciting some of the real estate holdings of appellant and a photocopy of an answer to an amended complaint filed in a case in federal district court in which appellant claimed an interest in the same real estate. The case proceeded to a hearing before Judge Schmenk on the motion for contempt, at which Andrew Genter, an employee of Huntington National Bank (formerly Sky Bank), testified regarding the authenticity of various documents reflecting bank accounts at Huntington. The court also admitted into evidence the copies of the various deeds attached to appellee's motion as well as appellant's answer to the amended complaint referred to in appellee's motion. The court then heard the arguments of counsel. Appellee asserted that appellant was in contempt of court for lying under oath at the July 19, 2004 debtor's examination, and expressly referred to the following colloquy from that exam between appellee's counsel and appellant:

{¶ 5} "Q: Do you have any business interests or relationships?

{¶ 6} "A: I don't understand what you're going to.

{¶ 7} "Q: Do you own any interest in any business?

{¶ 8} "A: No.

{¶ 9} "Q: You are not in partnership with any individual or individuals?

{¶ 10} "A: Not that I know of.

{¶ 11} "Q: You do not own any stock in any companies?

{¶ 12} "A: You mean like stock market?

{¶ 13} "Q: I mean like stock.

{¶ 14} "A: No; I don't—no.

{¶ 15} "Q: You don't have any interest in any corporations?

{¶ 16} "A: No; I don't have any interest in any corporations.

{¶ 17} "Q: Not acting as a share holder, as a officer in any company or business venture?

{¶ 18} "A: No. I'm not an officer.

{¶ 19} "Q: And you're not involved in any business ventures currently?

{¶ 20} "A: No; I don't have any assets.

{¶ 21} "Q: Do you own any interest in any real or personal property?

{¶ 22} "A: I don't know of any. You know, you're asking me off of memory and my memory—

{¶ 23} "Q: You don't know if you own any real estate?

{¶ 24} "A: Right. I don't own any real estate.

{¶ 25} "Q: You don't know if you have any interest in real estate?

{¶ 26} "A: Huh-uh [negative response].

{¶ 27} "THE COURT: The Court will consider that a no.

{¶ 28} "MR. ROBINSON: Isn't it true that you own a partial interest in real estate with your parents and your brothers; not only here, but in Michigan? I'm asking you a direct question?

{¶ 29} "MR. KUNKLE: I don't know. I haven't look [sic] at anything.

{¶ 30} "Q: You don't know if you own any real estate in partnership—

{¶ 31} "A: I don't know. I had to sign everything off.

{¶ 32} "Q: For what?

{¶ 33} "A: For your tax purposes.

{¶ 34} "Q: You signed everything off? You deeded your property to your brothers and sisters, or your parents? Is that a yes?

{¶ 35} "A: I signed everything off.

{¶ 36} "Q: When did you do that?

{¶ 37} "A: Who knows how long its been going on. Fourteen years.

{¶ 38} "Q: Who drafted the deed?

{¶ 39} "A: Fourteen years. Boy, I couldn't tell you. That's been ten, fourteen years ago. That's so long ago I can't remember. Fourteen years ago. I can't remember. I can't—you, records are only supposed to be kept seven years.

{¶ 40} "Q: What property did you sign off?

{¶ 41} "A: Can't remember."

{¶ 42} Appellee asserted that the deeds and other bank records established that appellant was a partial owner of a number of tracts of land both before and after the debtor's exam and that he knew of his ownership interest because he signed promissory notes in 2000 and 2002 secured by mortgages on the properties. Then, in 2007, appellant accessed a line of credit secured by those mortgages. Appellant countered that because the properties were tied up in litigation, appellant was being truthful when he answered that he did not know whether he had an interest in a partnership and did not know whether he owned any real or personal property. That is, appellant asserted that because there was a genuine factual dispute about what ownership interest he did or did not have in the properties, appellee did not prove beyond a reasonable doubt that he was lying at the debtor's exam.

{¶ 43} Upon reviewing the evidence, the lower court concluded that appellee had proven beyond a reasonable doubt that appellant lied under oath at the debtor's exam. Specifically, the court stated:

{¶ 44} "I've read the transcript in its entirety, and he continually denies any interest in that. Denies any assets. Denies that he has anything and says, I have no assets. He uses that phrase. He says, I transferred everything years ago. And it is demonstrably blatantly false. And it's inconceivable that somebody would mortgage his property over the course of a period, has the deeds recorded in his name, has—goes to the bank and takes the steps of mortgaging the property and establishing a line of credit, drawing down the line of credit, doesn't recognize that he has any interest. I treat this as contempt, and I believe the burden is, in fact, on the State Department of Taxation in this matter to establish contempt beyond a reasonable doubt. I'm persuaded upon the evidence before the Court beyond a reasonable doubt that Alan Kunkle lied, blatantly, at his debtor's exam. The transcript taken as a whole demonstrates a repeated effort to evade. And when he wasn't able to prevent the questions from being asked, rather than being honest with the answers to the questions, he just lied."

{¶ 45} The court therefore found appellant guilty of criminal contempt for lying under oath and sentenced him to 10 days' incarceration.[1] Appellant now challenges that judgment on appeal.

{¶ 46} "The decision whether to find one in contempt of court rests within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion." *Oakwood v. Brown*, 8th Dist. Nos. 89135 and 89786, 2008-Ohio-3151, 2008 WL 2532796, ¶ 8, citing *State v. Kilbane* (1980), 61 Ohio St.2d 201, 15 O.O.3d 221, 400 N.E.2d 386, paragraph one of the syllabus.

---

1. The court also found appellant guilty of civil contempt and set terms for purging that order. That order, however, is not before this court on appeal.

{¶ 47} "Offenses against the dignity or process of the court, where the primary purpose of the punishment imposed is to vindicate the authority of the court by punishing the contemnor for his disobediance [sic], are criminal contempts. Violations which are primarily offenses against the party for whose benefit the order was made, and where the primary purpose of the punishment is remedial or coercive and for the benefit of the complainant, are civil contempts, and the sanction must afford the contemnor the opportunity to purge himself of his contempt." *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 252, 10 OBR 364, 461 N.E.2d 1337. Unlike civil contempt, which may be proven by clear and convincing evidence, criminal contempt must be proven beyond a reasonable doubt. *ConTex, Inc. v. Consol. Technologies, Inc.* (1988), 40 Ohio App.3d 94, 95, 531 N.E.2d 1353; *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253, 18 O.O.3d 446, 416 N.E.2d 610.

{¶ 48} Additionally, in determining the rights afforded an alleged contemnor, we must determine whether the alleged contempt was direct or indirect. Direct contempt is misbehavior in the actual or constructive presence of the court while it is within its judicial function, which adversely affects or obstructs the orderly administration of justice. *Kilbane,* 61 Ohio St.2d at 204, 15 O.O.3d 221, 400 N.E.2d 386. Indirect contempt is committed outside the presence of the court and may include disobedience of, or resistance to, a lawful order, judgment, or command of a court or an officer. R.C. 2705.02; *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 302, 623 N.E.2d 1272.

{¶ 49} "The giving of false testimony before a court constitutes a direct contempt and, subject to certain limitations, may be punished summarily. *Fawick Airflex Co. v. United Electrical Radio & Machine Workers of America* (1950), 87 Ohio App. 371[, 43 O.O. 105, 92 N.E.2d 436]. Making a false statement under oath may constitute contempt even though it may also constitute perjury. *Hegelaw v. State* (1927), 24 Ohio App. 103, 155 N.E. 620; *Fawick Airflex.* In order to sustain a conviction for contempt for giving false testimony, it must be shown that the false testimony had an obstructive effect, that the court had judicial knowledge of the falsity of the testimony, and that the questions were pertinent to the issues in the case. *Fawick Airflex; Hegelaw,* supra. See, also, *Adkins v. Adkins* (Mar. 22, 1989), Jackson App. No. 571, [1989 WL 25708]; *Cleveland v. Young* (May 23, 1985), Cuyahoga App. No. 49101, [1985 WL 9032]. A well-founded belief of the testimony's untruthfulness is not sufficient. *Fawick Airflex,* supra, at 382, 43 O.O. 105, 92 N.E.2d 436." *Daniels v. Adkins* (June 3, 1994), 4th Dist. No. 93CA1988, 1994 WL 268263.

{¶ 50} A review of the record and proceedings below reveals that at the debtor's examination of July 19, 2004, appellant blatantly lied about his interest in

real property, that his false testimony obstructed appellee's attempt to collect on the judgment owed to it, that the falsity of appellant's testimony became clear to the court at the hearing before Judge Schmenk, and that the questions were pertinent to the issues in the case. We, therefore, find that appellee established beyond a reasonable doubt that appellant was in direct criminal contempt of court. Accordingly, the lower court did not abuse its discretion in finding appellant in contempt of court, and the sole assignment of error is not well taken.

{¶ 51} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.

Judgment affirmed.

HANDWORK and SINGER, JJ., concur.